<div data-spec-version="0.0.3dev" data-generated-on="2024-09-19">
 <div>
 <link href="https://doc-stylesheets.vlex.com/ldml-xml.css" rel="stylesheet" type="text/css">
 <div><div>
<div href="/vid/887674578" data-vids="887674578" data-content-heading-label="Header">
<p><span><b>231 P.3d 36</b></span></p>
<p><b>
<span><span>The PEOPLE of the State of Colorado</span>, <span>Plaintiff</span>-<span>Appellee</span></span>,</b><b>v.</b><b><span><span>Thomas Dean TILLERY</span>, <span>Defendant</span>-<span>Appellant</span></span>.</b></p>
<p><b>
<span>No. 06CA1853</span>.</b></p>
<p><b><span>Colorado Court of Appeals,
Div. IV</span>.</b></p>
<p><b><span>Oct. 1, 2009</span>.</b></p>
<p><b><span>Rehearing Denied Nov. 19, 2009</span>.</b><span data-page_type="bracketed_cite" data-id="pagenumber_207" data-rep="P.3d" data-vol="231" data-val="37"></span></p>
</div>
<p data-paragraph-id="207"> <span data-paragraph-id="207" data-sentence-id="215">COPYRIGHT MATERIAL OMITTED<span data-page_type="bracketed_cite" data-id="pagenumber_241" data-rep="P.3d" data-vol="231" data-val="38"></span></span></p>
<p data-paragraph-id="241"> <span data-paragraph-id="241" data-sentence-id="249">COPYRIGHT MATERIAL OMITTED<span data-page_type="bracketed_cite" data-id="pagenumber_275" data-rep="P.3d" data-vol="231" data-val="39"></span></span></p>
<p data-paragraph-id="275"> <span data-paragraph-id="275" data-sentence-id="283">COPYRIGHT MATERIAL OMITTED<span data-page_type="bracketed_cite" data-id="pagenumber_309" data-rep="P.3d" data-vol="231" data-val="40"></span></span></p>
<div data-content-heading-label="Counsel">
<p data-paragraph-id="309">
<span data-paragraph-id="309" data-sentence-id="310"><span><span>John W. Suthers</span></span>, <span>Attorney General</span>, <span><span>Christopher Y. Bosch</span></span>, Assistant <span>Attorney General</span>, Denver, Colorado, for <span><span>Plaintiff</span></span>-<span><span>Appellee</span></span>.</span></p>
<p data-paragraph-id="436"><span data-paragraph-id="436" data-sentence-id="436"><span><span>Douglas K. Wilson</span></span>, <span>Colorado State <span>Public Defender</span></span>, <span><span>Ellen K. Eggleston</span></span>, Deputy <span>State <span>Public Defender</span></span>, Denver, Colorado, for <span><span>Defendant</span></span>-<span><span>Appellant</span></span>.</span></p>
</div>
<p data-paragraph-id="579"><span><span data-paragraph-id="579" data-sentence-id="579"><span>Opinion by Judge <span><span>WEBB</span></span>.</span></span></span></p>
<div>
<p data-paragraph-id="601"> <span data-paragraph-id="601" data-sentence-id="609"><span>Defendant</span>, <span>Thomas Dean Tillery</span>, appeals the judgment of conviction entered on a jury verdict finding him guilty of five counts of sexual assault on a child <span>(SAOC)</span> as part of a pattern, <span><a data-reftype="section" data-prop-ids="sentence_609"><span>section 18-3-405<span>(1)</span>, <span>(2)</span><span>(d)</span></span></a></span>, C.R.S.<span>2005</span>; five counts of sexual assault on a child-position of trust <span>(POT)</span>, <span><a data-reftype="section" data-prop-ids="sentence_609"><span>section 18-3-405.3<span>(1)</span>, <span>(2)</span><span>(a)</span></span></a></span>, C.R.S.<span>2009</span>; one count of SAOC with a second victim, <span><span><a data-reftype="section" data-prop-ids="sentence_609"><span>section 18-3-405<span>(1)</span></span></a></span><span>;</span></span> and two counts of contributing to the delinquency of a minor, <span><a data-reftype="unspecified"><span>section 18-6-701, C.R.S.2009</span></a></span>.</span> <span data-paragraph-id="601" data-sentence-id="1100"><span>We</span> affirm the judgment of conviction.</span></p>
<p data-paragraph-id="1137"> <span data-paragraph-id="1137" data-sentence-id="1145">Tillery also appeals <span>the trial court</span>'s concurrent sentences of sixty years to life under the <span><a data-reftype="unspecified"><span>Colorado Sex Offender Lifetime Supervision Act</span>, <span>Â§ 18-1.3-1001, C.R.S.2009</span></a></span>, on each of the pattern and POT counts.</span> <span data-paragraph-id="1137" data-sentence-id="1352"><span>We</span> vacate these sentences and remand for resentencing in accordance with this opinion.</span></p>
<p data-paragraph-id="1438"> <span data-paragraph-id="1438" data-sentence-id="1446">All of the pattern and POT counts were based on evidence that Tillery had sexually assaulted his twelve year old stepdaughter over a seven month period while <span>she</span> was living with him.</span> <span data-paragraph-id="1438" data-sentence-id="1629">The victim also testified that six years earlier, Tillery had sexually assaulted her while <span>they</span> were living in Bennett, Colorado, although this incident was not <span data-page_type="bracketed_cite" data-id="pagenumber_1790" data-rep="P.3d" data-vol="231" data-val="41"></span>
 charged.</span> <span data-paragraph-id="1438" data-sentence-id="1801">During trial, <span>the prosecution</span> introduced a recording of a pretextual phone call initiated by the victim's <span>mother</span> in which Tillery admitted to having had sexual contact with the victim.</span></p>
<div>
<section data-value="I. Evidentiary Issues" data-specifier="I" data-ordinal_end="1" data-content-heading-label="I. Evidentiary Issues" data-parsed="true" data-ordinal_start="1" data-id="heading_1985" id="heading_1985" data-format="upper_case_roman_numeral"><span data-paragraph-id="1985"><span data-paragraph-id="1985" data-sentence-id="1985">I.</span> <span data-paragraph-id="1985" data-sentence-id="1988">Evidentiary Issues</span></span></section><p data-paragraph-id="2006"> <span data-paragraph-id="2006" data-sentence-id="2014"><span>âA <span>trial court</span> has substantial discretion in deciding the admissibility of evidence, and its ruling will not be disturbed absent an abuse of discretion.â</span></span>
<span data-paragraph-id="2006" data-sentence-id="2168"><span><a href="/vid/895330049" data-vids="895330049" data-reftype="reporter" data-prop-ids="sentence_2014"><i><span>People v. McGraw</span>,</i> <span>30 P.3d 835, 838</span> <span>(<span>Colo.App.</span><span>2001</span>)</span></a></span>.</span> <span data-paragraph-id="2006" data-sentence-id="2220"><span>âAn abuse of discretion occurs only if <span>the trial court</span>'s evidentiary ruling is manifestly arbitrary, unreasonable, or unfair.â</span></span>
<span data-paragraph-id="2006" data-sentence-id="2347"><span><a href="/vid/895330049" data-vids="895330049" data-reftype="ibid" data-prop-ids="sentence_2220"><span><i>Id.</i></span></a></span></span></p>
<div>
<section data-value="A. Admissibility of the Bennett Incident" data-specifier="A" data-ordinal_end="1" data-content-heading-label="A. Admissibility of the Bennett Incident" data-parsed="true" data-ordinal_start="1" data-id="heading_2350" id="heading_2350" data-format="upper_case_letters"><span data-paragraph-id="2350"><span data-paragraph-id="2350" data-sentence-id="2350">A.</span> <span data-paragraph-id="2350" data-sentence-id="2353">Admissibility of the Bennett Incident</span></span></section><p data-paragraph-id="2390"> <span data-paragraph-id="2390" data-sentence-id="2398">Tillery first contends <span>the trial court</span> erred by admitting evidence of the Bennett incident without satisfying <span><span><span><a data-reftype="unspecified"><span>CRE 404<span>(b)</span></span></a></span> <span>and</span> <span><a data-reftype="unspecified"><span>section 16-10-301, C.R.S.2009</span></a></span></span></span>.</span> <span data-paragraph-id="2390" data-sentence-id="2554"><span>We</span> disagree.</span></p>
<p data-paragraph-id="2566"> <span data-paragraph-id="2566" data-sentence-id="2574">Before trial, Tillery moved to preclude uncharged conduct evidence under <span><a data-reftype="unspecified"><span>CRE 404<span>(b)</span></span></a></span>, including the Bennett incident.</span> <span data-paragraph-id="2566" data-sentence-id="2691"><span>The trial court</span> agreed with <span>the prosecutor</span>'s statement that the Bennett incident was admissible <span>âin order to prove pattern at trial,â</span> and added that evidence of the Bennett incident was <span>âres gestae, not <span><a data-reftype="unspecified"><span>404<span>(b)</span></span></a></span>.â</span></span> <span data-paragraph-id="2566" data-sentence-id="2903"><span>We</span> perceive no error, although <span>we</span> decline to rely on res gestae.</span>
<span data-paragraph-id="2566" data-sentence-id="2968"><span><i><span>See</span> </i>
<span><a href="/vid/889117167" data-vids="889117167" data-reftype="reporter" data-prop-ids="embeddedsentence_3020,sentence_2903"><i><span>People v. Eppens</span>,</i> <span>979 P.2d 14, 22</span> <span>(<span>Colo.</span><span>1999</span>)</span></a></span> <span>(<span><span>appellate court</span> can affirm <span><span>the court</span>'s rulings</span> on any basis supported by the record</span>)</span></span>.</span></p>
<p data-paragraph-id="3105"> <span data-paragraph-id="3105" data-sentence-id="3113">The former version of <span><span><a data-reftype="section" data-prop-ids="sentence_3113"><span>section 18-3-405<span>(2)</span><span>(d)</span></span></a></span> <span>(<span><a data-reftype="rule" data-prop-ids="sentence_3113"><span>ch. 322, sec.8, Â§ 18-3-405<span>(2)</span><span>(d)</span></span></a></span><span>,</span> <span><a data-reftype="rule" data-prop-ids="sentence_3113"><span>2002 Colo. Sess. Laws 1582</span></a></span>)</span></span>, under which Tillery was convicted, made SAOC a class three felony if:</span></p>
<blockquote data-paragraph-id="b_3291">
<span data-sentence-id="3291">The actor commits the offense as a part of a pattern of sexual abuse as described in <span><a data-reftype="section" data-prop-ids="sentence_3291"><span>subsection <span>(1)</span></span></a> of <span>this section</span></span>.</span> <span data-sentence-id="3408">No specific date or time must be alleged for the pattern of sexual abuse; except that <span>the acts</span> constituting the pattern of sexual abuse must have been committed within 10 years prior to or at any time after the offense charged in the information or indictment.</span> <span data-sentence-id="3670">The offense charged in the information or indictment shall constitute one of the incidents of sexual contact involving a child necessary to form a pattern of sexual abuse as defined in <span><a data-reftype="section" data-prop-ids="sentence_3670"><span>section 18-3-401<span>(2.5)</span></span></a></span>.</span>
</blockquote>
<p data-paragraph-id="3877"><span data-paragraph-id="3877" data-sentence-id="3877">Both then and now, a pattern of sexual abuse has been defined as <span>âthe commission of two or more incidents of sexual contact involving a child when such offenses are committed by an actor upon the same victim.â</span></span> <span data-paragraph-id="3877" data-sentence-id="4087"><span><a data-reftype="unspecified" data-prop-ids="sentence_3877"><span>Section 18-3-401<span>(2.5)</span>, C.R.S.2009</span></a></span>.</span></p>
<p data-paragraph-id="4121"> <span data-paragraph-id="4121" data-sentence-id="4129"><span>âTo prove a pattern of abuse under ... <span>[<span>section</span>]</span> <span><a data-reftype="unspecified"><span>18-3-405<span>(2)</span><span>(d)</span></span></a></span>, <span>the prosecution</span> must prove beyond a reasonable doubt that <span>(1)</span> <span>the defendant</span> committed an act charged under <span>[<span>section</span>]</span> 18-3-405<span>(1)</span>, ... that constituted the predicate offense for <span>[<span>section</span>]</span> <span><span><a data-reftype="unspecified"><span>18-3-405<span>(2)</span><span>(d)</span></span></a></span><span>;</span></span> and <span>(2)</span> the other act or acts constituting the pattern of sexual abuse were committed within ten years prior to <span>[or at any time after]</span> the predicate offense.â</span></span>
<span data-paragraph-id="4121" data-sentence-id="4557"><span><a href="/vid/891901067" data-vids="891901067" data-reftype="reporter" data-prop-ids="sentence_4129"><i><span>People v. Kyle</span>,</i> <span>111 P.3d 491, 502</span> <span>(<span>Colo.App.</span><span>2004</span>)</span></a></span>.</span></p>
<p data-paragraph-id="4607"> <span data-paragraph-id="4607" data-sentence-id="4615">Thus, evidence of other acts of sexual contact is not similar transaction evidence offered to prove scheme, plan, intent, or design.</span>
<span data-paragraph-id="4607" data-sentence-id="4748"><span><span><a href="/vid/888757218" data-vids="888757218" data-reftype="reporter" data-prop-ids="embeddedsentence_4802,sentence_4615"><i><span>People v. Bowring</span>,</i> <span>902 P.2d 911, 916</span> <span>(<span>Colo.App.</span><span>1995</span>)</span></a></span> <span>(<span>evidence of pattern acts not subject to <span><a data-reftype="unspecified" data-prop-ids="sentence_4615"><span>CRE 404<span>(b)</span></span></a></span> procedural safeguards</span>)</span></span>.</span> <span data-paragraph-id="4607" data-sentence-id="4877"><span>âRather, it is evidence that forms an integral part of the offense with which <span>the defendant</span> was charged, and no limiting instructions are required.â</span></span>
<span data-paragraph-id="4607" data-sentence-id="5026"><span><a href="/vid/888757218" data-vids="888757218" data-reftype="ibid" data-prop-ids="sentence_4877"><span><i>Id.</i></span></a></span></span></p>
<p data-paragraph-id="5029"> <span data-paragraph-id="5029" data-sentence-id="5037">Further, <span><a data-reftype="section" data-prop-ids="sentence_5037"><span>section 16-10-301<span>(5)</span></span></a></span> provides that <span>â<span>[t]</span>he procedural requirements of <span>this section</span> shall not apply when the other acts are presented to prove that the offense was committed as part of a pattern of sexual abuse under <span><a data-reftype="section" data-prop-ids="sentence_5037"><span>section 18-3-405<span>(2)</span><span>(d)</span></span></a></span>.â</span></span></p>
<p data-paragraph-id="5285"> <span data-paragraph-id="5285" data-sentence-id="5293">Accordingly, because the Bennett incident occurred within ten years prior to the predicate offenses charged under <span><a data-reftype="section" data-prop-ids="sentence_5293"><span>section 18-3-405<span>(1)</span></span></a></span> and was admissible as evidence of a pattern of sexual assault against the same victim, <span>we</span> conclude that <span>the trial court</span> did not err.</span></p>
</div>
<div>
<section data-value="B. Forensic Interviewer's Testimony" data-specifier="B" data-ordinal_end="2" data-content-heading-label="B. Forensic Interviewer's Testimony" data-parsed="true" data-ordinal_start="2" data-id="heading_5559" id="heading_5559" data-format="upper_case_letters"><span data-paragraph-id="5559"><span data-paragraph-id="5559" data-sentence-id="5559">B.</span> <span data-paragraph-id="5559" data-sentence-id="5562">Forensic Interviewer's Testimony</span></span></section><p data-paragraph-id="5594"> <span data-paragraph-id="5594" data-sentence-id="5602">Tillery next contends <span>the trial court</span> erred by admitting testimony of a forensic interviewer that allegedly vouched for the victim and constituted expert testimony which did not comply with <span><a data-reftype="unspecified"><span>CRE 702</span></a></span>.</span> <span data-paragraph-id="5594" data-sentence-id="5801"><span>We</span> reject both contentions.<span data-page_type="bracketed_cite" data-id="pagenumber_5828" data-rep="P.3d" data-vol="231" data-val="42"></span></span></p>
<p data-paragraph-id="5828">
 <span data-paragraph-id="5828" data-sentence-id="5838">The victim told the forensic interviewer of sexual contact with Tillery.</span> <span data-paragraph-id="5828" data-sentence-id="5911">A recording of the interview was played during trial and the interviewer testified about it.</span></p>
<div>
<section data-value="1. Improper Vouching" data-specifier="1" data-ordinal_end="1" data-content-heading-label="1. Improper Vouching" data-parsed="true" data-ordinal_start="1" data-id="heading_6003" id="heading_6003" data-format="number"><span data-paragraph-id="6003"><span data-paragraph-id="6003" data-sentence-id="6003">1.</span> <span data-paragraph-id="6003" data-sentence-id="6006">Improper Vouching</span></span></section><p data-paragraph-id="6023"> <span data-paragraph-id="6023" data-sentence-id="6031"><span><a data-reftype="unspecified"><span>CRE 608<span>(a)</span><span>(1)</span></span></a></span> does not permit a witness to opine that a child victim was telling the truth when the child reported a particular sexual assault by <span>a defendant</span>.</span>
<span data-paragraph-id="6023" data-sentence-id="6190"><span><i><span>See</span> </i>
<span><a href="/vid/891272422" data-vids="891272422" data-reftype="reporter" data-prop-ids="sentence_6031"><i><span>People v. Gaffney</span>,</i> <span>769 P.2d 1081, 1088</span> <span>(<span>Colo.</span><span>1989</span>)</span></a></span></span>.</span></p>
<blockquote data-paragraph-id="b_6246">
<span data-sentence-id="6246"><span>[H]</span>owever ... an opinion as to the credibility of the victim is admissible if that testimony relates to general characteristics only.</span> <span data-sentence-id="6380">It is proper, for instance, to elicit an opinion as to whether children, in general, have the sophistication to lie about having experienced a sexual assault.</span>
</blockquote>
<p data-paragraph-id="6539"><span data-paragraph-id="6539" data-sentence-id="6539"><span><span><a href="/vid/888103159" data-vids="888103159" data-reftype="reporter"><i><span>People v. Gillispie</span>,</i> <span>767 P.2d 778, 780</span> <span>(<span>Colo.App.</span><span>1988</span>)</span></a></span> <span>(<span>citation omitted</span>)</span></span>.</span></p>
<p data-paragraph-id="6613"> <span data-paragraph-id="6613" data-sentence-id="6621">Here, Tillery points to the following statements made by the interviewer during her recorded interview with the victim, which were admitted over his objection:</span></p>
<div>
<blockquote data-paragraph-id="b_6780"><span data-sentence-id="6780">â¢ An explanation of the rules of the interview-including that the victim had to tell the truth;</span></blockquote>
<blockquote data-paragraph-id="b_6875"><span data-sentence-id="6875">â¢ Responding to the victim's answers as <span>âweirdâ</span> or as needing <span>âmore explanationâ</span>;</span></blockquote>
<blockquote data-paragraph-id="b_6956"><span data-sentence-id="6956">â¢ Saying in response to the victim, <span>âI have to tell you something, the answer does not make sense to me.â</span></span></blockquote>
</div>
<p data-paragraph-id="7061"><span data-paragraph-id="7061" data-sentence-id="7061">But these statements do not express an opinion on the victim's truthfulness or sincerity.</span> <span data-paragraph-id="7061" data-sentence-id="7151">Tillery failed to object on the basis that the comments improperly coached the victim, and therefore <span>we</span> do not address that possibility.</span></p>
</div>
<div>
<section data-value="2. Expert Testimony" data-specifier="2" data-ordinal_end="2" data-content-heading-label="2. Expert Testimony" data-parsed="true" data-ordinal_start="2" data-id="heading_7287" id="heading_7287" data-format="number"><span data-paragraph-id="7287"><span data-paragraph-id="7287" data-sentence-id="7287">2.</span> <span data-paragraph-id="7287" data-sentence-id="7290">Expert Testimony</span></span></section><p data-paragraph-id="7306"> <span data-paragraph-id="7306" data-sentence-id="7314">Because <span>the prosecution</span> did not qualify the interviewer as an expert under <span><a data-reftype="unspecified"><span>CRE 702</span></a></span>, abuse of discretion turns on whether admission of any opinions in her testimony was proper under <span><a data-reftype="unspecified"><span>CRE 701</span></a></span>.</span>
<span data-paragraph-id="7306" data-sentence-id="7504"><span><i><span>See</span> </i>
<span><a href="/vid/893421592" data-vids="893421592" data-reftype="reporter" data-prop-ids="sentence_7314"><i><span>People v. Veren</span>,</i> <span>140 P.3d 131, 136</span> <span>(<span>Colo.App.</span><span>2005</span>)</span></a></span></span>.</span></p>
<p data-paragraph-id="7560"> <span data-paragraph-id="7560" data-sentence-id="7568"><span><a data-reftype="unspecified"><span>CRE 701</span></a></span> makes lay opinions admissible if <span>they</span> are <span>â<span>(a)</span> rationally based on the perception of the witness, <span>(b)</span> helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and <span>(c)</span> not based on scientific, technical, or other specialized knowledge within the scope of <span><a data-reftype="rule" data-prop-ids="sentence_7568"><span>Rule 702</span></a></span>.â</span></span></p>
<p data-paragraph-id="7883"> <span data-paragraph-id="7883" data-sentence-id="7891">Such testimony is proper when it <span>â <span>âresults from a process of reasoning familiar in everyday life.â</span> â</span></span>
<span data-paragraph-id="7883" data-sentence-id="7993"><span><span><a href="/vid/893421592" data-vids="893421592" data-reftype="reporter" data-prop-ids="sentence_7891"><i><span>Veren</span>,</i> <span>140 P.3d at 137</span></a></span> <span>(<span>quoting</span>
<span><a href="/vid/893340889" data-vids="893340889" data-reftype="reporter" data-prop-ids="sentence_7891"><i><span>State v. Brown</span>,</i> <span>836 S.W.2d 530, 549</span> <span>(<span>Tenn.</span><span>1992</span>)</span></a></span>)</span></span>.</span> <span data-paragraph-id="7883" data-sentence-id="8075"><span>â<span>[T]</span>the critical inquiry is whether a witness's testimony is based upon <span>âspecialized knowledge.â</span> â</span></span>
<span data-paragraph-id="7883" data-sentence-id="8174"><span><a href="/vid/893421592" data-vids="893421592" data-reftype="reporter" data-prop-ids="sentence_8075"><i><span>Veren</span>,</i> <span>140 P.3d at 137</span></a></span>.</span></p>
<p data-paragraph-id="8197"> <span data-paragraph-id="8197" data-sentence-id="8205">Here, Tillery argues that the following testimony was improper under <span><a data-reftype="unspecified"><span>CRE 701</span></a></span>:</span></p>
<div>
<blockquote data-paragraph-id="b_8282"><span data-sentence-id="8282">â¢ The interviewer's qualifications and training;</span></blockquote>
<blockquote data-paragraph-id="b_8330"><span data-sentence-id="8330">â¢ The protocols and interview techniques used by the interviewer;</span></blockquote>
<blockquote data-paragraph-id="b_8395"><span data-sentence-id="8395">â¢ The interviewer's opinion that younger children are prone to suggestibility more so than older children.</span></blockquote>
</div>
<p data-paragraph-id="8501"> <span data-paragraph-id="8501" data-sentence-id="8509">The interviewer's qualifications, training, and interview protocols and techniques do not constitute opinion testimony.</span> <span data-paragraph-id="8501" data-sentence-id="8629">Certain basic information about a subject may fall within the scope of lay opinion testimony, even if more detailed discussion of the same area would require specialized knowledge.</span>
<span data-paragraph-id="8501" data-sentence-id="8810"><span><span><a href="/vid/893421592" data-vids="893421592" data-reftype="reporter" data-prop-ids="embeddedsentence_8834,sentence_8629"><i><span>Veren</span>,</i> <span>140 P.3d at 139</span></a></span> <span>(<span>concluding that certain basic information about drugs may properly fall within the scope lay opinion testimony, although a police officer's testimony regarding the amount of pseudoephedrine needed to manufacture methamphetamine required specialized knowledge</span>)</span></span>.</span>
</p>
<p data-paragraph-id="9095"> <span data-paragraph-id="9095" data-sentence-id="9103">Further, unlike the specific training and specialized knowledge that qualifies a witness as an expert, here the interviewer's opinion about the suggestibility of younger children was based on her years of observing them, not on a <span>âprocess of reasoning that can be mastered only by specialists in the field.â</span></span>
<span data-paragraph-id="9095" data-sentence-id="9411"><span><span><a href="/vid/887338212" data-vids="887338212" data-reftype="reporter" data-prop-ids="sentence_9103"><i><span>People v. Rincon</span>,</i> <span>140 P.3d 976, 983</span> <span>(<span>Colo.App.</span><span>2005</span>)</span></a></span><span>;</span>
<i><span>see also</span> </i><span><a href="/vid/895459728" data-vids="895459728" data-reftype="reporter" data-prop-ids="embeddedsentence_9522,sentence_9103"><i><span>Farley v. People</span>,</i> <span>746 P.2d 956, 958</span> <span>(<span>Colo.</span><span>1987</span>)</span></a></span> <span>(<span>counselor employed by the Victim Services Unit of the police department properly testified as a lay witness that the victim's reactions were very <span data-page_type="bracketed_cite" data-id="pagenumber_9668" data-rep="P.3d" data-vol="231" data-val="43"></span>
 consistent with her being a rape victim</span>)</span><span>;</span>
<span><a href="/vid/895646952" data-vids="895646952" data-reftype="reporter" data-prop-ids="embeddedsentence_9767,sentence_9103"><i><span>People v. Rogers</span>,</i> <span>800 P.2d 1327, 1330</span> <span>(<span>Colo.App.</span><span>1990</span>)</span></a></span> <span>(<span>permitting a detective to testify under <span><a data-reftype="unspecified" data-prop-ids="sentence_9103"><span>CRE 701</span></a></span> about the range of responses and demeanor demonstrated by child sexual assault victims</span>)</span></span>.</span></p>
<p data-paragraph-id="9903"> <span data-paragraph-id="9903" data-sentence-id="9911">Accordingly, <span>we</span> conclude that <span>the trial court</span> did not err by admitting the testimony of the forensic interviewer.</span></p>
</div>
</div>
</div>
<div>
<section data-value="II. Trial Errors" data-specifier="II" data-ordinal_end="2" data-content-heading-label="II. Trial Errors" data-parsed="true" data-ordinal_start="2" data-id="heading_10024" id="heading_10024" data-format="upper_case_roman_numeral"><span data-paragraph-id="10024"><span data-paragraph-id="10024" data-sentence-id="10024">II.</span> <span data-paragraph-id="10024" data-sentence-id="10028">Trial Errors</span></span></section><div>
<section data-value="A. Motion for Mistrial" data-specifier="A" data-ordinal_end="1" data-content-heading-label="A. Motion for Mistrial" data-parsed="true" data-ordinal_start="1" data-id="heading_10040" id="heading_10040" data-format="upper_case_letters"><span data-paragraph-id="10040"><span data-paragraph-id="10040" data-sentence-id="10040">A.</span> <span data-paragraph-id="10040" data-sentence-id="10043"><span>Motion for Mistrial</span></span></span></section><p data-paragraph-id="10062"> <span data-paragraph-id="10062" data-sentence-id="10070">Tillery next contends <span>the trial court</span> erred by denying his <span>motion for a mistrial</span> after the victim testified about a previously undisclosed sexual contact with him.</span> <span data-paragraph-id="10062" data-sentence-id="10234"><span>We</span> discern no abuse of discretion.</span></p>
<p data-paragraph-id="10268"> <span data-paragraph-id="10268" data-sentence-id="10276">A mistrial is a drastic remedy warranted only when prejudice to the accused is so substantial that its effect on the jury cannot be remedied by any other means.</span> <span data-paragraph-id="10268" data-sentence-id="10437">Because <span>the trial court</span> is in a better position to evaluate any adverse effect of improper statements or testimony on a jury, it has considerable discretion to determine whether a mistrial is warranted.</span>
<span data-paragraph-id="10268" data-sentence-id="10640"><span><a href="/vid/888657596" data-vids="888657596" data-reftype="reporter" data-prop-ids="sentence_10437"><i><span>People v. James</span>,</i> <span>117 P.3d 91, 95</span> <span>(<span>Colo.App.</span><span>2004</span>)</span></a></span>.</span> <span data-paragraph-id="10268" data-sentence-id="10690">Hence, <span>âits ruling will not be disturbed absent a clear showing of abuse of discretion and prejudice to <span>the defendant</span>.â</span></span>
<span data-paragraph-id="10268" data-sentence-id="10810"><span><a href="/vid/892050633" data-vids="892050633" data-reftype="reporter" data-prop-ids="sentence_10690"><i><span>People v. Ortega</span>,</i> <span>899 P.2d 236, 238</span> <span>(<span>Colo.App.</span><span>1994</span>)</span></a></span>.</span> <span data-paragraph-id="10268" data-sentence-id="10863">Factors relevant in considering whether a mistrial should be declared include the nature of the inadmissible evidence, the weight of the admissible evidence of guilt, and the value of a cautionary instruction.</span>
<span data-paragraph-id="10268" data-sentence-id="11073"><span><a href="/vid/889450958" data-vids="889450958" data-reftype="reporter" data-prop-ids="sentence_10863"><i><span>People v. Vigil</span>,</i> <span>718 P.2d 496, 505</span> <span>(<span>Colo.</span><span>1986</span>)</span></a></span>.</span></p>
<p data-paragraph-id="11120"> <span data-paragraph-id="11120" data-sentence-id="11128">A jury is presumed to have followed a curative instruction to disregard improper testimony or statements.</span>
<span data-paragraph-id="11120" data-sentence-id="11234"><span><a href="/vid/894503311" data-vids="894503311" data-reftype="reporter" data-prop-ids="sentence_11128"><i><span>People v. McNeely</span>,</i> <span>68 P.3d 540, 542</span> <span>(<span>Colo.App.</span><span>2002</span>)</span></a></span>.</span> <span data-paragraph-id="11120" data-sentence-id="11287">Such an instruction is inadequate only when the improper testimony or statements are so prejudicial that, but for the exposure, the jury might not have found <span>the defendant</span> guilty.</span>
<span data-paragraph-id="11120" data-sentence-id="11467"><span><a href="/vid/894503311" data-vids="894503311" data-reftype="ibid" data-prop-ids="sentence_11287"><span><i>Id.</i></span></a></span></span></p>
<p data-paragraph-id="11470"> <span data-paragraph-id="11470" data-sentence-id="11478">Here, during <span>the prosecutor</span>'s direct examination, the victim testified as follows:</span></p>
<div>
<blockquote data-paragraph-id="b_11560"><span data-sentence-id="11560">Q: Was there ever something that happened before you lived in that house?</span></blockquote>
<blockquote data-paragraph-id="b_11633"><span data-sentence-id="11633">A: Yes, when I was a little girl.</span></blockquote>
<blockquote data-paragraph-id="b_11666"><span data-sentence-id="11666">Q: How old were you?</span></blockquote>
<blockquote data-paragraph-id="b_11686"><span data-sentence-id="11686">A: I don't remember.</span></blockquote>
<blockquote data-paragraph-id="b_11706"><span data-sentence-id="11706">Q: Do you remember where you lived?</span></blockquote>
<blockquote data-paragraph-id="b_11741">
<span data-sentence-id="11741">A: <span>We</span> were in an apartment.</span> <span data-sentence-id="11769">And there was one time when <span>we</span> were in the house up in Bennett.</span>
</blockquote>
<blockquote data-paragraph-id="b_11832"><span data-sentence-id="11832">....</span></blockquote>
<blockquote data-paragraph-id="b_11836">
<span data-sentence-id="11836">Q: You mentioned also something about an apartment.</span> <span data-sentence-id="11888">When was that?</span>
</blockquote>
<blockquote data-paragraph-id="b_11902"><span data-sentence-id="11902">A: When I was a little girl when him and my mom got together.</span></blockquote>
<blockquote data-paragraph-id="b_11963">
<span data-sentence-id="11963">Q: And what happened?</span> <span data-sentence-id="11985">Was that before or after the house in Bennett?</span>
</blockquote>
<blockquote data-paragraph-id="b_12031"><span data-sentence-id="12031">A: It was before.</span></blockquote>
<blockquote data-paragraph-id="b_12048"><span data-sentence-id="12048">Q: What happened then?</span></blockquote>
</div>
<p data-paragraph-id="12070"> <span data-paragraph-id="12070" data-sentence-id="12078">Tillery objected and moved for a mistrial, asserting both prejudice and nondisclosure.</span> <span data-paragraph-id="12070" data-sentence-id="12165"><span>The trial court</span> denied the motion.</span> <span data-paragraph-id="12070" data-sentence-id="12200">After conferring with <span>counsel</span>, it instructed the jury:</span></p>
<blockquote data-paragraph-id="b_12254">
<span data-sentence-id="12254"><span>[T]</span>he <span>court</span> has stricken that portion of the testimony of <span>[the victim]</span> as to an incident involving <span>she</span> and <span>the defendant</span> in an apartment....</span> <span data-sentence-id="12395">You must not consider any testimony or evidence which <span>the court</span> has rejected.</span> <span data-sentence-id="12473">You must disregard this testimony or evidence.</span>
</blockquote>
<p data-paragraph-id="12519"> <span data-paragraph-id="12519" data-sentence-id="12527">Here, unlike the Bennett incident that was mentioned in the victim's taped interview, Tillery asserts, and <span>the Attorney General</span> does not deny, that <span>he</span> had lacked prior notice of the apartment incident.</span>
<span data-paragraph-id="12519" data-sentence-id="12729"><span><i><span>See</span> </i>
<span><a href="/vid/892748003" data-vids="892748003" data-reftype="reporter" data-prop-ids="embeddedsentence_12789,sentence_12527"><i><span>Thomas v. People</span>,</i> <span>803 P.2d 144, 153 n. 19</span> <span>(<span>Colo.</span><span>1990</span>)</span></a></span> <span>(<span><span>â<span>[D]</span>ue process requires that <span>a defendant</span> be advised of the charges against him so that <span>he</span> can prepare his defense.â</span></span>)</span></span>.</span>
</p>
<p data-paragraph-id="12907"> <span data-paragraph-id="12907" data-sentence-id="12915">Nevertheless, <span>we</span> discern no clear abuse of <span>the trial court</span>'s discretion.</span> <span data-paragraph-id="12907" data-sentence-id="12988">The reference to the apartment incident was brief, unembellished, promptly suppressed by <span>the trial court</span>, and not repeated again before the jury.</span>
<span data-paragraph-id="12907" data-sentence-id="13134"><span><i><span>See</span> </i><span><a href="/vid/893188276" data-vids="893188276" data-reftype="reporter" data-prop-ids="embeddedsentence_13193,sentence_12988"><i><span>People v. Shreck</span>,</i> <span>107 P.3d 1048, 1060</span> <span>(<span>Colo.App.</span><span>2004</span>)</span></a></span> <span>(<span>denying <span>motion for mistrial</span></span>)</span></span>.</span> <span data-paragraph-id="12907" data-sentence-id="13223">The curative instruction was proper and Tillery does not point to anything in the record suggesting the jury disregarded it.</span>
<span data-paragraph-id="12907" data-sentence-id="13348"><span><i><span>See</span> </i><span><a href="/vid/890229276" data-vids="890229276" data-reftype="reporter" data-prop-ids="embeddedsentence_13403,sentence_13223"><i><span>People v. Ellis</span>,</i> <span>30 P.3d 774, 778</span> <span>(<span>Colo.App.</span><span>2001</span>)</span></a></span> <span>(<span>absent evidence to the contrary,<span data-page_type="bracketed_cite" data-id="pagenumber_13435" data-rep="P.3d" data-vol="231" data-val="44"></span>
<span>we</span> must presume that such instruction cured any prejudice to <span>defendant</span></span>)</span></span>.</span></p>
<p data-paragraph-id="13508"> <span data-paragraph-id="13508" data-sentence-id="13516">Tillery's argument that the instruction was prejudicial because it referred to <span>âthe incidentâ</span> is waived by his active participation in its wording.</span> <span data-paragraph-id="13508" data-sentence-id="13664">Further, when asked by <span>the trial court</span>, <span>â<span>[a]</span>re both sides comfortable if <span>the court</span> just refers to it as the incident,â</span> Tillery did not object.</span>
<span data-paragraph-id="13508" data-sentence-id="13807"><span><i><span>See</span> </i>
<span><a href="/vid/888940049" data-vids="888940049" data-reftype="reporter" data-prop-ids="embeddedsentence_13877,sentence_13664"><i><span>Valley v. People</span>,</i> <span>165 Colo. 555, 559-62</span>, <span>441 P.2d 14, 16</span> <span>(<span>1968</span>)</span></a></span> <span>(<span><span>âfailure of <span>counsel</span> to object to the clarifying comments of <span>the trial court</span>, coupled with the fact that <span>counsel</span> ... was a more or less active participant in this further instructing of the jury, amounts to a waiverâ</span></span>)</span></span>.</span></p>
<p data-paragraph-id="14094"> <span data-paragraph-id="14094" data-sentence-id="14102">For the first time on appeal, Tillery asserts that <span>the prosecutor</span>'s questions constituted misconduct.</span> <span data-paragraph-id="14094" data-sentence-id="14204">Because <span>he</span> did not raise this issue below, <span>we</span> review it only for plain error, and discern none.</span>
<span data-paragraph-id="14094" data-sentence-id="14300"><span><i><span>See</span> </i>
<span><a href="/vid/888681246" data-vids="888681246" data-reftype="reporter" data-prop-ids="sentence_14204"><i><span>People v. Constant</span>,</i> <span>645 P.2d 843, 847</span> <span>(<span>Colo.</span><span>1982</span>)</span></a></span></span>.</span></p>
<p data-paragraph-id="14355"> <span data-paragraph-id="14355" data-sentence-id="14363"><span>The prosecutor</span>'s <span>âbefore you lived in that houseâ</span> question did not indicate that <span>he</span> was aware of the undisclosed incident.</span>
<span data-paragraph-id="14355" data-sentence-id="14486"><span><i><span>See</span> </i>
<span><a href="/vid/893631765" data-vids="893631765" data-reftype="reporter" data-prop-ids="embeddedsentence_14542,sentence_14363"><i><span>People v. Abbott</span>,</i> <span>690 P.2d 1263, 1269</span> <span>(<span>Colo.</span><span>1984</span>)</span></a></span> <span>(<span><span>prosecutor</span> could not have anticipated witness's unresponsive answer</span>)</span></span>.</span> <span data-paragraph-id="14355" data-sentence-id="14612">Tillery also asserts that the <span>âwhat happened thenâ</span> question shows <span>the prosecutor</span> was attempting to elicit testimony regarding details of an incident distinct from the Bennett incident.</span> <span data-paragraph-id="14355" data-sentence-id="14797">However, because Tillery failed to raise this assertion below, the record does not include <span>the prosecutor</span>'s explanation for that question, which on the existing record could have been merely attempting to clarify what the victim meant.</span> <span data-paragraph-id="14355" data-sentence-id="15033">Hence, <span>we</span> discern no plain error.</span>
<span data-paragraph-id="14355" data-sentence-id="15067"><span><i><span>See</span> </i>
<span><a href="/vid/887634025" data-vids="887634025" data-reftype="reporter" data-prop-ids="embeddedsentence_15128,sentence_15033"><i><span>People v. O'Connell</span>,</i> <span>134 P.3d 460, 464</span> <span>(<span>Colo.App.</span><span>2005</span>)</span></a></span> <span>(<span>plain error must be <span>âso clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection.â</span></span>)</span> <span>(<span>internal quotation omitted</span>)</span></span>.</span></p>
<p data-paragraph-id="15290"> <span data-paragraph-id="15290" data-sentence-id="15298">Accordingly, <span>we</span> conclude that <span>the trial court</span> did not err by denying Tillery's <span>motion for a mistrial</span>.</span></p>
</div>
<div>
<section data-value="B. Prosecutorial Misconduct" data-specifier="B" data-ordinal_end="2" data-content-heading-label="B. Prosecutorial Misconduct" data-parsed="true" data-ordinal_start="2" data-id="heading_15399" id="heading_15399" data-format="upper_case_letters"><span data-paragraph-id="15399"><span data-paragraph-id="15399" data-sentence-id="15399">B.</span> <span data-paragraph-id="15399" data-sentence-id="15402">Prosecutorial Misconduct</span></span></section><p data-paragraph-id="15426"> <span data-paragraph-id="15426" data-sentence-id="15434">Tillery next contends that during closing argument, <span>the prosecutor</span> improperly stated that <span>he</span> had <span>âlied.â</span></span> <span data-paragraph-id="15426" data-sentence-id="15539">Although <span>we</span> disapprove of <span>the prosecutor</span>'s statement, <span>we</span> discern no basis for reversal.</span></p>
<p data-paragraph-id="15626"> <span data-paragraph-id="15626" data-sentence-id="15634">Because Tillery did not object, <span>we</span> review only for plain error.</span>
<span data-paragraph-id="15626" data-sentence-id="15698"><span><a href="/vid/892739957" data-vids="892739957" data-reftype="reporter" data-prop-ids="sentence_15634"><i><span>People v. Cevallos-Acosta</span>,</i> <span>140 P.3d 116, 122</span> <span>(<span>Colo.App.</span><span>2005</span>)</span></a></span>.</span> <span data-paragraph-id="15626" data-sentence-id="15760">To constitute plain error, prosecutorial misconduct must be <span>âflagrant or glaringly or tremendously improper,â</span> and so undermine the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction.</span>
<span data-paragraph-id="15626" data-sentence-id="16000"><span><a href="/vid/889644415" data-vids="889644415" data-reftype="reporter" data-prop-ids="sentence_15760"><i><span>People v. Salyer</span>,</i> <span>80 P.3d 831, 839</span> <span>(<span>Colo.App.</span><span>2003</span>)</span></a></span>.</span> <span data-paragraph-id="15626" data-sentence-id="16052">Prosecutorial misconduct in closing argument rarely constitutes plain error.</span>
<span data-paragraph-id="15626" data-sentence-id="16129"><span><span><a href="/vid/887806565" data-vids="887806565" data-reftype="reporter" data-prop-ids="sentence_16052"><i><span>People v. Weinreich</span>,</i> <span>98 P.3d 920, 924</span> <span>(<span>Colo.App.</span><span>2004</span>)</span></a></span>,
<i><span>aff'd</span>,</i> <span><a href="/vid/890757225" data-vids="890757225" data-reftype="reporter" data-prop-ids="sentence_16052"><span>119 P.3d 1073</span> <span>(<span>Colo.</span><span>2005</span>)</span></a></span></span>.</span></p>
<p data-paragraph-id="16218"> <span data-paragraph-id="16218" data-sentence-id="16226"><span><span>â<span>[L]</span>ack of an objection is a factor to be considered in examining the impact of <span>a prosecutor</span>'s closing argument....</span> <span>The lack of an objection may demonstrate defense <span>counsel</span>'s belief that the live argument, despite its appearance in a cold record, was not overly damaging.â</span></span></span>
<span data-paragraph-id="16218" data-sentence-id="16499"><span><span><a href="/vid/887214947" data-vids="887214947" data-reftype="reporter" data-prop-ids="sentence_16226"><i><span>People v. Rodriguez</span>,</i> <span>794 P.2d 965, 972</span> <span>(<span>Colo.</span><span>1990</span>)</span></a></span> <span>(<span>alteration in original</span>)</span></span>.</span></p>
<p data-paragraph-id="16575"> <span data-paragraph-id="16575" data-sentence-id="16583">Closing arguments are rarely scripted with precision.</span>
<span data-paragraph-id="16575" data-sentence-id="16637"><span><a href="/vid/886106175" data-vids="886106175" data-reftype="reporter" data-prop-ids="sentence_16583"><i><span>People v. McBride</span>,</i> <span>228 P.3d 216, 221</span> <span>(<span>Colo.App.</span> <span>2009</span>)</span></a></span>.</span> <span data-paragraph-id="16575" data-sentence-id="16692">And <span>a prosecutor</span> may <span>âemploy rhetorical devicesâ</span> so long as <span>the prosecutor</span> <span>âdoes not thereby induce the jury to determine guilt on the basis of passion or prejudice.â</span></span>
<span data-paragraph-id="16575" data-sentence-id="16859"><span><a href="/vid/894277536" data-vids="894277536" data-reftype="reporter" data-prop-ids="sentence_16692"><i><span>People v. Allee</span>,</i> <span>77 P.3d 831, 836</span> <span>(<span>Colo.App.</span><span>2003</span>)</span></a></span>.</span></p>
<p data-paragraph-id="16909"> <span data-paragraph-id="16909" data-sentence-id="16917">Here, during his initial closing argument, <span>the prosecutor</span> stated:</span></p>
<div>
<blockquote data-paragraph-id="b_16982">
<span data-sentence-id="16982"><span>[The victim]</span> and <span>[Tillery]</span> both lied, but the difference for their lies are as dramatic as <span>they</span> can be.</span> <span data-sentence-id="17086"><span>[The victim]</span> tried to protect the stepdad <span>she</span> loved.</span> <span data-sentence-id="17139"><span>[Tillery]</span> lied to protect himself.</span> <span data-sentence-id="17174"><span>[The victim's]</span> unselfish love for her stepdad was strong enough to make her deny her own safety.</span> <span data-sentence-id="17271">His love for himself was strong enough to keep his twelve year old the victim drunk, addicted to cigarettes, and in his bed.</span> <span data-sentence-id="17396"><span>[The victim's]</span> lies kept her victimized.</span> <span data-sentence-id="17437">His lies allowed him to continue repeatedly satisfying his own criminal sexual desires in that bed.<span data-page_type="bracketed_cite" data-id="pagenumber_17536" data-rep="P.3d" data-vol="231" data-val="45"></span></span>
</blockquote>
<blockquote data-paragraph-id="b_17536">
<span data-sentence-id="17537">Fortunately, the lies began to fade away and fall away to the light of the truth.</span> <span data-sentence-id="17619">And that really began when <span>[the victim]</span> told her mom and her mom told <span>[Tillery]</span>, <span>â<span>she</span> told me everything.â</span></span> <span data-sentence-id="17726">The lies began to fall away, but <span>they</span> didn't continue to fall away.</span> <span data-sentence-id="17794"><span>They</span> were resistant.</span>
</blockquote>
</div>
<p data-paragraph-id="17814"> <span data-paragraph-id="17814" data-sentence-id="17822">Tillery did not testify.</span> <span data-paragraph-id="17814" data-sentence-id="17847">Nevertheless, prosecutors may not argue that <span>a defendant</span>'s out-of-<span>court</span> statements were lies.</span>
<span><span data-paragraph-id="17814" data-sentence-id="17941"><i><span>See</span> </i>
<span><a href="/vid/888938682" data-vids="888938682" data-reftype="reporter" data-prop-ids="embeddedsentence_18004"><i><span>People v. Trujillo</span>,</i> <span>624 P.2d 924, 925-26</span> <span>(<span>Colo.App.</span><span>1980</span>)</span></a></span> <span>(<span>plain error where <span>prosecutor</span> characterized <span>the defendant</span>'s written pretrial statement as <span>âriddled with lies.â</span></span>)</span></span><span data-paragraph-id="17814" data-sentence-id="18114"><span>;</span>
<span><a href="/vid/886106175" data-vids="886106175" data-reftype="reporter" data-prop-ids="embeddedsentence_18152"><i><span>People v. McBride</span>,</i> <span>228 P.3d at 221</span></a></span> <span>(<span>plain error where <span>prosecutor</span> <span>âaccused <span>defendant</span> of having <span>âoffered a whole rainbow of explanations'</span> and thereby having <span>âlied over and over,â</span> which <span>âshows his guiltâ</span>.â</span></span>)</span></span></span><span data-paragraph-id="17814" data-sentence-id="18319">.</span></p>
<p data-paragraph-id="18320"> <span data-paragraph-id="18320" data-sentence-id="18328">While <span>we</span> agree that the references to Tillery having lied were improper, <span>we</span> conclude that these comments did not constitute plain error because of the context in which <span>they</span> were made.</span>
<span data-paragraph-id="18320" data-sentence-id="18512"><span><span><a href="/vid/895485600" data-vids="895485600" data-reftype="reporter" data-prop-ids="embeddedsentence_18570,sentence_18328"><i><span>Domingo-Gomez v. People</span>,</i> <span>125 P.3d 1043, 1050</span> <span>(<span>Colo.</span><span>2005</span>)</span></a></span> <span>(<span><span>âThe <span>prosecutor</span>'s use of the word <span>âliedâ</span> does not tip the scales towards an unjust conviction.â</span></span>)</span></span></span><span data-paragraph-id="18320" data-sentence-id="18666">.</span></p>
<p data-paragraph-id="18667"> <span data-paragraph-id="18667" data-sentence-id="18675">First, the improper comments made up a small part of <span>the prosecution</span>'s closing argument and were not repeated during rebuttal.</span>
<span data-paragraph-id="18667" data-sentence-id="18802"><span><i><span>See</span> </i>
<span><a href="/vid/895485600" data-vids="895485600" data-reftype="reporter" data-prop-ids="embeddedsentence_18840,sentence_18675"><i><span>Domingo-Gomez</span>,</i> <span>125 P.3d at 1053</span></a></span> <span>(<span><span>âComments that were few in number, momentary in length, and were a very small part of a rather prosaic summation do not warrant reversal under the plain error standard.â</span></span>)</span></span></span><span data-paragraph-id="18667" data-sentence-id="19010">.</span></p>
<p data-paragraph-id="19011"> <span data-paragraph-id="19011" data-sentence-id="19019">Second, following the reference to Tillery's <span>âlies,â</span> <span>the prosecutor</span> went through the pretext phone call in detail, pointing to Tillery's increasingly inculpatory statements.</span> <span data-paragraph-id="19011" data-sentence-id="19193"><span>The prosecutor</span> then juxtaposed these admissions against Tillery's efforts to diminish his responsibility and pleas for sympathy.</span> <span data-paragraph-id="19011" data-sentence-id="19322">Thus, the argument was less an attack on Tillery's credibility than a rhetorical device to show his indifference to the damage <span>he</span> had done to the victim.</span></p>
<p data-paragraph-id="19475"> <span data-paragraph-id="19475" data-sentence-id="19483">Moreover, the evidence of Tillery's guilt was overwhelming.</span> <span data-paragraph-id="19475" data-sentence-id="19543">In the pretext phone call, <span>he</span> admitted to having had sexual contact with the victim, which is an element of both <span><span><span><a data-reftype="section" data-prop-ids="sentence_19543"><span>sections 18-3-405<span>(1)</span></span></a></span> <span>and</span> <span><a data-reftype="section" data-prop-ids="sentence_19543"><span>18-3-405.3<span>(1)</span></span></a></span></span></span>.</span>
<span data-paragraph-id="19475" data-sentence-id="19696"><span><i><span>See</span> </i>
<span><a href="/vid/889459365" data-vids="889459365" data-reftype="reporter" data-prop-ids="embeddedsentence_19752,sentence_19543"><i><span>People v. Alengi</span>,</i> <span>114 P.3d 11, 17</span> <span>(<span>Colo.App.</span><span>2004</span>)</span></a></span> <span>(<span><span>â<span>[I]</span>n light of the overwhelming evidence of <span>defendant</span>'s guilt, <span>the prosecutor</span>'s remarks had little, if any, effect on the reliability of <span>defendant</span>'s conviction.â</span></span>)</span>,
<i><span>aff'd</span>,</i> <span><a href="/vid/888872014" data-vids="888872014" data-reftype="reporter" data-prop-ids="sentence_19543"><span>148 P.3d 154</span> <span>(<span>Colo.</span><span>2006</span>)</span></a></span></span>.</span></p>
<p data-paragraph-id="19949"> <span data-paragraph-id="19949" data-sentence-id="19957">Accordingly, <span>we</span> conclude that <span>they</span> did not rise to the level of plain error.</span>
<span data-paragraph-id="19949" data-sentence-id="20034"><span><i><span>See</span> </i>
<span><a href="/vid/890512154" data-vids="890512154" data-reftype="reporter" data-prop-ids="sentence_19957"><i><span>People v. Knight</span>,</i> <span>167 P.3d 147, 157</span> <span>(<span>Colo.App.</span><span>2006</span>)</span></a></span></span>.</span></p>
</div>
</div>
<div>
<section data-value="III. Unanimity Instruction" data-specifier="III" data-ordinal_end="3" data-content-heading-label="III. Unanimity Instruction" data-parsed="true" data-ordinal_start="3" data-id="heading_20091" id="heading_20091" data-format="upper_case_roman_numeral"><span data-paragraph-id="20091"><span data-paragraph-id="20091" data-sentence-id="20091">III.</span> <span data-paragraph-id="20091" data-sentence-id="20096">Unanimity Instruction</span></span></section><p data-paragraph-id="20117"> <span data-paragraph-id="20117" data-sentence-id="20125">Tillery next contends <span>he</span> is entitled to a new trial because the jury may not have unanimously found that <span>he</span> committed the specific acts of sexual assault alleged to support counts 3-5 under <span><a data-reftype="section" data-prop-ids="sentence_20125"><span>section 18-3-405<span>(1)</span>, <span>(2)</span><span>(d)</span></span></a></span> and counts 8-10 under <span><a data-reftype="section" data-prop-ids="sentence_20125"><span>section 18-3-405.3<span>(1)</span>, <span>(2)</span><span>(a)</span></span></a></span>.</span> <span data-paragraph-id="20117" data-sentence-id="20396"><span>We</span> disagree.</span></p>
<p data-paragraph-id="20408"> <span data-paragraph-id="20408" data-sentence-id="20416">When <span>the prosecution</span> offers evidence of many transactions, any one of which would constitute the offense charged, to ensure jury unanimity <span>the trial court</span> must either:</span></p>
<blockquote data-paragraph-id="b_20583">
<span data-sentence-id="20583"><span>(1)</span> require <span>the prosecution</span> to elect the transaction on which it relies for conviction, or <span>(2)</span> if there is not evidence to differentiate between <span>the acts</span> and there is a reasonable likelihood that jurors may disagree on <span>the act</span> <span>the defendant</span> committed, instruct the jury that to convict it must unanimously agree that <span>the defendant</span> committed the same act or that <span>the defendant</span> committed all <span>the acts</span> included within the period charged.</span>
</blockquote>
<p data-paragraph-id="21018"><span data-paragraph-id="21018" data-sentence-id="21018"><span><a href="/vid/895773048" data-vids="895773048" data-reftype="reporter"><i><span>People v. Gookins</span>,</i> <span>111 P.3d 525, 528</span> <span>(<span>Colo.App.</span><span>2004</span>)</span></a></span>.</span> <span data-paragraph-id="21018" data-sentence-id="21072">These actions assure that a conviction <span>âdoes not result from some members of the jury finding <span>the defendant</span> guilty of one act, while others convict based on another act.â</span></span>
<span data-paragraph-id="21018" data-sentence-id="21243"><span><a href="/vid/895773048" data-vids="895773048" data-reftype="reporter" data-prop-ids="sentence_21072"><i><span>Gookins</span>,</i> <span>111 P.3d at 528</span></a></span>.</span> <span data-paragraph-id="21018" data-sentence-id="21269">However, <span>the defendant</span> in a sexual assault case is not entitled to such an election before trial.</span>
<span data-paragraph-id="21018" data-sentence-id="21367"><span><a href="/vid/888714397" data-vids="888714397" data-reftype="reporter" data-prop-ids="sentence_21269"><i><span>People v. Doss</span>,</i> <span>782 P.2d 1198, 1201</span> <span>(<span>Colo.App.</span><span>1989</span>)</span></a></span>.</span></p>
<p data-paragraph-id="21419"> <span data-paragraph-id="21419" data-sentence-id="21427">Here, the record shows that <span>the prosecutor</span> elected which offenses would support Counts 3-5 <span>(pattern)</span> <span><a data-reftype="unspecified"><span>and 8-10<span>(POT)</span></span></a></span>.</span> <span data-paragraph-id="21419" data-sentence-id="21543">During closing argument, <span>the prosecutor</span> told the jury that Counts 1-2 <span>(pattern)</span> <span><a data-reftype="unspecified"><span>and 6-7<span>(POT)</span></span></a></span> were based on evidence of Tillery's sexual contact <span data-page_type="bracketed_cite" data-id="pagenumber_21687" data-rep="P.3d" data-vol="231" data-val="46"></span>
 with the victim on the garage floor and then again in the bedroom after <span>she</span> had returned home from a water park.</span> <span data-paragraph-id="21419" data-sentence-id="21802">The verdict forms so indicated.</span></p>
<p data-paragraph-id="21833"> <span data-paragraph-id="21833" data-sentence-id="21841">The remaining sexual assault counts were based on the next three incidents that had occurred in the bedroom: <span>(1)</span> before a sleepover in late September; <span>(2)</span> after the sleepover; and <span>(3)</span> right before Halloween.</span> <span data-paragraph-id="21833" data-sentence-id="22052">In closing argument <span>the prosecutor</span> explained, and the verdict forms indicated, that Counts 3 and 8 were based on the <span>âsecond incident of sexual contact in bedroomâ</span>; Counts 4 and 9 were based on the <span>âthird incident of sexual contact in bedroomâ</span>; and Counts 5 and 10 were based on the <span>âfourth incident of sexual contact in bedroom.â</span></span> <span data-paragraph-id="21833" data-sentence-id="22385"><span>The prosecutor</span> then told the jury, <span>â<span>she</span> talked about a whole lot more than that, but it's just those five times, the garage and the first four times in the bedroom.â</span></span> <span data-paragraph-id="21833" data-sentence-id="22551">Hence, the evidence supporting these counts <span>âpresented no rational basis for some jurors to predicate guilt on one act while other jurors based it on another.â</span></span>
<span data-paragraph-id="21833" data-sentence-id="22711"><span><a href="/vid/892748003" data-vids="892748003" data-reftype="reporter" data-prop-ids="sentence_22551"><i><span>Thomas v. People</span>,</i> <span>803 P.2d 144, 155</span> <span>(<span>Colo.</span><span>1990</span>)</span></a></span>.</span></p>
<p data-paragraph-id="22759"> <span data-paragraph-id="22759" data-sentence-id="22767">Moreover, for Tillery's pattern convictions under <span><a data-reftype="section" data-prop-ids="sentence_22767"><span>section 18-3-405<span>(1)</span>, <span>(2)</span><span>(d)</span></span></a></span>, the jury was instructed that to convict it must find <span>he</span> committed <span>âall of the incidents of sexual contact described by the evidence,â</span> or <span>âunanimously agree that the same two or more incidents of sexual contact have been proven beyond a reasonable doubt.â</span></span> <span data-paragraph-id="22759" data-sentence-id="23101">This instruction complies with the safeguards required by
<i><span><a href="/vid/895773048" data-vids="895773048" data-reftype="citeless" data-prop-ids="sentence_23101"><span>Gookins</span></a></span>.</i></span> <span data-paragraph-id="22759" data-sentence-id="23169"><span><i><span>See also</span> </i>
<span><a href="/vid/891131704" data-vids="891131704" data-reftype="reporter" data-prop-ids="embeddedsentence_23234,sentence_23101"><i><span>People v. Melillo</span>,</i> <span>25 P.3d 769, 779 n. 10</span> <span>(<span>Colo.</span><span>2001</span>)</span></a></span> <span>(<span>approving of a similarly worded unanimity instruction</span>)</span></span>.</span></p>
<p data-paragraph-id="23289"> <span data-paragraph-id="23289" data-sentence-id="23297">Accordingly, <span>we</span> conclude that the jury unanimously found Tillery committed the specific acts of sexual assault alleged to support counts 3-5 under <span><a data-reftype="section" data-prop-ids="sentence_23297"><span>section 18-3-405<span>(1)</span>, <span>(2)</span><span>(d)</span></span></a></span> and counts 8-10 under <span><a data-reftype="section" data-prop-ids="sentence_23297"><span>section 18-3-405.3<span>(1)</span>, <span>(2)</span><span>(a)</span></span></a></span>, and that the jury unanimously agreed on other acts of sexual contact, if any, on which it relied to support the pattern counts.</span></p>
</div>
<div>
<section data-value="IV. Sentencing" data-specifier="IV" data-ordinal_end="4" data-content-heading-label="IV. Sentencing" data-parsed="true" data-ordinal_start="4" data-id="heading_23652" id="heading_23652" data-format="upper_case_roman_numeral"><span data-paragraph-id="23652"><span data-paragraph-id="23652" data-sentence-id="23652">IV.</span> <span data-paragraph-id="23652" data-sentence-id="23656">Sentencing</span></span></section><div>
<section data-value="A. Predicate Offense" data-specifier="A" data-ordinal_end="1" data-content-heading-label="A. Predicate Offense" data-parsed="true" data-ordinal_start="1" data-id="heading_23666" id="heading_23666" data-format="upper_case_letters"><span data-paragraph-id="23666"><span data-paragraph-id="23666" data-sentence-id="23666">A.</span> <span data-paragraph-id="23666" data-sentence-id="23669">Predicate Offense</span></span></section><p data-paragraph-id="23686"> <span data-paragraph-id="23686" data-sentence-id="23694">Tillery next contends his pattern convictions must be reversed because <span>the prosecution</span> relied on the Bennett incident as a predicate offense of SAOC to enhance his sentence under <span><a data-reftype="section" data-prop-ids="sentence_23694"><span>section 18-3-405<span>(2)</span><span>(d)</span></span></a></span>.</span> <span data-paragraph-id="23686" data-sentence-id="23897"><span>We</span> disagree.</span></p>
<p data-paragraph-id="23909"> <span data-paragraph-id="23909" data-sentence-id="23917">Because the Bennett incident was uncharged, it could not constitute a predicate offense under <span><a data-reftype="unspecified"><span>18-3-405<span>(2)</span><span>(d)</span></span></a></span>.</span>
<span data-paragraph-id="23909" data-sentence-id="24027"><span><i><span>See</span> </i>
<span><a href="/vid/888144073" data-vids="888144073" data-reftype="reporter" data-prop-ids="embeddedsentence_24083,sentence_23917"><i><span>People v. Gholston</span>,</i> <span>26 P.3d 1, 14</span> <span>(<span>Colo.App.</span><span>2000</span>)</span></a></span> <span>(<span><span>â<span>[O]</span>nly a count charged under <span>[<span>section</span>]</span> 18-3-405<span>(1)</span><span>[can]</span> serve as the predicate offense for <span>[<span>section</span>]</span> <span><a data-reftype="unspecified" data-prop-ids="sentence_23917"><span>18-3-405<span>(2)</span><span>(d)</span></span></a></span>.â</span></span>)</span></span>.</span> <span data-paragraph-id="23909" data-sentence-id="24204">Nevertheless, based on the jury instructions and closing argument, <span>we</span> discern no ground for reversal.</span></p>
<p data-paragraph-id="24305"> <span data-paragraph-id="24305" data-sentence-id="24313">Tillery was charged with and convicted of five SAOC counts under <span><a data-reftype="section" data-prop-ids="sentence_24313"><span>section 18-3-405<span>(1)</span></span></a></span>.</span> <span data-paragraph-id="24305" data-sentence-id="24399">Each of these counts constituted a predicate offense for a pattern sentence enhancer under <span><a data-reftype="section" data-prop-ids="sentence_24399"><span>section 18-3-405<span>(2)</span><span>(d)</span></span></a></span>.</span>
<span data-paragraph-id="24305" data-sentence-id="24514"><span><i><span>See</span> </i>
<span><a href="/vid/895312726" data-vids="895312726" data-reftype="reporter" data-prop-ids="sentence_24399"><i><span>People v. Hoefer</span>,</i> <span>961 P.2d 563, 566</span> <span>(<span>Colo.App.</span><span>1998</span>)</span></a></span></span>.</span></p>
<p data-paragraph-id="24571"> <span data-paragraph-id="24571" data-sentence-id="24579">The jury instructions did not identify the Bennett incident as a predicate offense for the pattern counts.</span> <span data-paragraph-id="24571" data-sentence-id="24686">Rather, the five SAOC counts were based on sexual assaults that had occurred when the victim was twelve years old, as discussed above.</span></p>
<p data-paragraph-id="24820"> <span data-paragraph-id="24820" data-sentence-id="24828">During closing argument, <span>the prosecutor</span> told the jury that the Bennett incident, if found beyond a reasonable doubt, was only evidence of a pattern of abuse.</span> <span data-paragraph-id="24820" data-sentence-id="24986">Thus, the record does not support Tillery's contention that the jury improperly relied on the Bennett incident as the SAOC predicate for any of the pattern counts.</span>
</p>
<p data-paragraph-id="25150"> <span data-paragraph-id="25150" data-sentence-id="25158">To the extent Tillery argues that without the Bennett incident the evidence was insufficient to prove pattern, <span>we</span> are not persuaded.</span> <span data-paragraph-id="25150" data-sentence-id="25291"><span>The prosecutor</span> introduced sufficient evidence to prove beyond a reasonable doubt that <span>(1)</span> Tillery committed the five sexual assaults charged under <span><a data-reftype="section" data-prop-ids="sentence_25291"><span>section 18-3-405<span>(1)</span></span></a></span>, all of which constituted predicate offenses for <span><span><a data-reftype="section" data-prop-ids="sentence_25291"><span>section 18-3-405<span>(2)</span><span>(d)</span></span></a></span><span>;</span></span> and <span>(2)</span> another act of sexual abuse within ten years prior to or at any time after these predicate offenses.</span>
<span data-paragraph-id="25150" data-sentence-id="25641"><span><i><span>See</span> </i><span><a href="/vid/888144073" data-vids="888144073" data-reftype="reporter" data-prop-ids="sentence_25291"><i><span>Gholston</span>,</i> <span>26 P.3d at 14</span></a></span><span>;</span>
<i><span>see also</span> </i><span><a href="/vid/889780487" data-vids="889780487" data-reftype="reporter" data-prop-ids="embeddedsentence_25735,sentence_25291"><i><span>People v. Honeysette</span>,</i> <span>53 P.3d 714, 718</span> <span>(<span>Colo.App.</span><span>2002</span>)</span></a></span> <span>(<span>a conviction of sexual assault on a child by one in a position of trust cannot constitute the predicate offense <span data-page_type="bracketed_cite" data-id="pagenumber_25847" data-rep="P.3d" data-vol="231" data-val="47"></span>
<span><a data-reftype="section" data-prop-ids="sentence_25291"><span>Â§ 18-3-405<span>(2)</span><span>(d)</span></span></a></span>, but is evidence of a <span>âpattern of sexual abuseâ</span></span>)</span></span>.</span></p>
<p data-paragraph-id="25914"> <span data-paragraph-id="25914" data-sentence-id="25922">Accordingly, <span>we</span> conclude that Tillery's pattern convictions do not require reversal because of the Bennett incident and that sufficient evidence supports the jury's verdict.</span></p>
</div>
<div>
<section data-value="B. Unpreserved Double Jeopardy Error" data-specifier="B" data-ordinal_end="2" data-content-heading-label="B. Unpreserved Double Jeopardy Error" data-parsed="true" data-ordinal_start="2" data-id="heading_26095" id="heading_26095" data-format="upper_case_letters"><span data-paragraph-id="26095"><span data-paragraph-id="26095" data-sentence-id="26095">B.</span> <span data-paragraph-id="26095" data-sentence-id="26098">Unpreserved Double Jeopardy Error</span></span></section><p data-paragraph-id="26131"> <span data-paragraph-id="26131" data-sentence-id="26139">Although Tillery failed to raise double jeopardy below, <span>we</span> review both his initial double jeopardy argument and his supplemental assertions concerning
<span><a href="/vid/895149958" data-vids="895149958" data-reftype="reporter" data-prop-ids="sentence_26139"><i><span>People v. Simon</span>,</i> <span>219 P.3d 789</span> <span>(<span>Colo.App.</span><span>2009</span>)</span></a></span>, which was announced after <span>this case</span> had been briefed, for plain error under <span><a data-reftype="rule" data-prop-ids="sentence_26139"><span>Crim. P. 52<span>(b)</span></span></a></span>.</span></p>
<p data-paragraph-id="26429"> <span data-paragraph-id="26429" data-sentence-id="26437">The Double Jeopardy Clauses of both the United States and Colorado Constitutions prevent, among other things, multiple punishments for the same offense in a single trial.</span>
<span data-paragraph-id="26429" data-sentence-id="26608"><span><span><a href="/vid/890798786" data-vids="890798786" data-reftype="reporter" data-prop-ids="sentence_26437"><i><span>North Carolina v. Pearce</span>,</i> <span>395 U.S. 711, 717</span>, <span>89 S.Ct. 2072</span>, <span>23 L.Ed.2d 656</span> <span>(<span>1969</span>)</span></a></span><span>;</span>
<span><a href="/vid/893710934" data-vids="893710934" data-reftype="reporter" data-prop-ids="sentence_26437"><i><span>Patton v. People</span>,</i> <span>35 P.3d 124, 128-29</span> <span>(<span>Colo.</span><span>2001</span>)</span></a></span></span>.</span></p>
<p data-paragraph-id="26741"> <span data-paragraph-id="26741" data-sentence-id="26749">In
<span><a href="/vid/893294272" data-vids="893294272" data-reftype="reporter" data-prop-ids="sentence_26749"><i><span>People v. Cagle</span>,</i> <span>751 P.2d 614, 619</span> <span>(<span>Colo.</span><span>1988</span>)</span></a></span>, <span>the court</span> said, <span>â<span>[i]</span>t is axiomatic that <span>this court</span> will not consider constitutional issues raised for the first time on appeal.â</span></span> <span data-paragraph-id="26741" data-sentence-id="26930">Our <span>supreme court</span> continues to cite
<i><span><a href="/vid/893294272" data-vids="893294272" data-reftype="citeless" data-prop-ids="sentence_26930"><span>Cagle</span></a></span>, </i><span><i><span>see, e.g.</span>, </i>
<span><a data-prop-ids="sentence_26930" data-reftype="reporter" data-refglobal="case:hinojos-mendozavpeople,no05sc881,169p3d662,2007wl2581700colo2007"><i><span>Hinojos-Mendoza v. People</span>,</i> <span>169 P.3d 662, 667</span> <span>(<span>Colo.</span><span>2007</span>)</span></a></span></span>, but it has not decided whether double jeopardy claims can be raised for the first time on appeal.</span> <span data-paragraph-id="26741" data-sentence-id="27142">This question has divided divisions of <span>this court</span>.</span></p>
<p data-paragraph-id="27192"> <span data-paragraph-id="27192" data-sentence-id="27200">Some divisions, citing
<span><a href="/vid/893294272" data-vids="893294272" data-reftype="citeless" data-prop-ids="sentence_27200"><span><i>Cagle</i></span></a></span> or <span>its progeny</span> but without further analysis, have declined to consider unpreserved double jeopardy claims.</span>
<span data-paragraph-id="27192" data-sentence-id="27337"><span><i><span>See, e.g.</span>, </i>
<span><a href="/vid/888666556" data-vids="888666556" data-reftype="reporter" data-prop-ids="sentence_27200"><i><span>People v. Cooper</span>,</i> <span>205 P.3d 475, 478</span> <span>(<span>Colo.App.</span><span>2008</span>)</span></a></span><span>;</span>
<span><a href="/vid/889436257" data-vids="889436257" data-reftype="reporter" data-prop-ids="sentence_27200"><i><span>People v. Novitskiy</span>,</i> <span>81 P.3d 1070, 1073</span> <span>(<span>Colo.App.</span><span>2003</span>)</span></a></span><span>;</span>
<span><a href="/vid/889250870" data-vids="889250870" data-reftype="reporter" data-prop-ids="sentence_27200"><i><span>People v. Johnson</span>,</i> <span>74 P.3d 349, 356</span> <span>(<span>Colo.App.</span><span>2002</span>)</span></a></span><span>;</span>
<span><a href="/vid/890402222" data-vids="890402222" data-reftype="reporter" data-prop-ids="sentence_27200"><i><span>People v. Williams</span>,</i> <span>33 P.3d 1187, 1190</span> <span>(<span>Colo.App.</span><span>2001</span>)</span></a></span></span>.</span></p>
<p data-paragraph-id="27567"> <span data-paragraph-id="27567" data-sentence-id="27575">Other divisions, also without significant analysis, have reviewed such claims for plain error.</span>
<span data-paragraph-id="27567" data-sentence-id="27670"><span><i><span>See, e.g.</span>, </i>
<span><a href="/vid/887686910" data-vids="887686910" data-reftype="reporter" data-prop-ids="sentence_27575"><i><span>People v. Flowers</span>,</i> <span>128 P.3d 285, 290</span> <span>(<span>Colo.App.</span><span>2005</span>)</span></a></span><span>;</span>
<span><a href="/vid/886968804" data-vids="886968804" data-reftype="reporter" data-prop-ids="sentence_27575"><i><span>People v. Cruthers</span>,</i> <span>124 P.3d 887, 890</span> <span>(<span>Colo.App.</span><span>2005</span>)</span></a></span><span>;</span>
<span><a href="/vid/894564871" data-vids="894564871" data-reftype="reporter" data-prop-ids="sentence_27575"><i><span>People v. Olson</span>,</i> <span>921 P.2d 51, 53</span> <span>(<span>Colo.App.</span><span>1996</span>)</span></a></span></span>.</span></p>
<p data-paragraph-id="27840"> <span data-paragraph-id="27840" data-sentence-id="27848">Although <span>the Supreme Court</span> has not addressed the issue, the federal circuits to have done so recently adopt the plain error approach.</span>
<span data-paragraph-id="27840" data-sentence-id="27982"><span><i><span>See</span> </i>
<span><a href="/vid/887288200" data-vids="887288200" data-reftype="reporter" data-prop-ids="sentence_27848"><i><span>United States v. Lewis</span>,</i> <span>492 F.3d 1219, 1222</span> <span>(<span>11th Cir.</span><span>2007</span>)</span></a></span> <span>(<span>collecting <span>cases</span></span>)</span></span>.</span> <span data-paragraph-id="27840" data-sentence-id="28067"><span>We</span> are persuaded to adopt this view for the following reasons:</span></p>
<div>
<blockquote data-paragraph-id="b_28129">
<span data-sentence-id="28129">â¢ A broad reading of the admonition in
<span><a href="/vid/893294272" data-vids="893294272" data-reftype="citeless" data-prop-ids="sentence_28129"><span><i>Cagle</i></span></a></span> would be difficult to reconcile with the principle that <span>âplain error standards apply to constitutional errors challenged for the first time on appeal,â</span>
<span><span><a href="/vid/886090654" data-vids="886090654" data-reftype="reporter" data-prop-ids="sentence_28129"><i><span>People v. Stevenson</span>,</i> <span>228 P.3d 161, 171</span> <span>(<span>Colo.App.</span> <span>2009</span>)</span></a></span> <span>(<span>citing</span>
<span><a href="/vid/892377007" data-vids="892377007" data-reftype="reporter" data-prop-ids="sentence_28129"><i><span>People v. Miller</span>,</i> <span>113 P.3d 743, 748-50</span> <span>(<span>Colo.</span><span>2005</span>)</span></a></span>)</span></span>, and the innumerable <span>cases</span> doing so.</span>
<span data-sentence-id="28480"><span><i><span>See, e.g.</span>, </i>
<span><a href="/vid/890715320" data-vids="890715320" data-reftype="reporter" data-prop-ids="sentence_28129"><i><span>People v. Harlan</span>,</i> <span>8 P.3d 448, 489</span> <span>(<span>Colo.</span><span>2000</span>)</span></a></span></span>.</span>
</blockquote>
<blockquote data-paragraph-id="b_28538">
<span data-sentence-id="28538">â¢ The absence of <span><span>supreme court</span> precedent</span> addressing the
<span><a href="/vid/893294272" data-vids="893294272" data-reftype="citeless" data-prop-ids="sentence_28538"><span><i>Cagle</i></span></a></span> admonition in the double jeopardy context of multiple punishments for the same offense is explainable because <span>âthis aspect of the constitutional limitation actually embodies a concern for the separation of governmental powers and manifests more as a rule of construction than a limitation on <span>the authority of <span>the legislature</span></span>.â</span></span>
<span data-sentence-id="28928"><span><a href="/vid/889417133" data-vids="889417133" data-reftype="reporter" data-prop-ids="sentence_28538"><i><span>People v. Abiodun</span>,</i> <span>111 P.3d 462, 464</span> <span>(<span>Colo.</span><span>2005</span>)</span></a></span>.</span> <span data-sentence-id="28978">And in any event, because
<span><a href="/vid/895149958" data-vids="895149958" data-reftype="citeless" data-prop-ids="sentence_28978"><span><i>Simon</i></span></a></span> was decided while <span>this case</span> was on appeal, addressing that issue, notwithstanding
<i><span><a href="/vid/893294272" data-vids="893294272" data-reftype="citeless" data-prop-ids="sentence_28978"><span>Cagle</span></a></span>,</i> would also further judicial economy.</span>
<span data-sentence-id="29138"><span><a data-prop-ids="sentence_28978" data-reftype="reporter" data-refglobal="case:hinojos-mendozavpeople,no05sc881,169p3d662,2007wl2581700colo2007"><i><span>Hinojos-Mendoza</span>,</i> <span>169 P.3d at 667</span></a></span>.</span>
</blockquote>
<blockquote data-paragraph-id="b_29171">
<span data-sentence-id="29171">â¢ Because correcting double jeopardy errors such as the ones alleged here would involve only resentencing, the <span>âsocial costs of reversal and retrial,â</span> such as <span>âwitnesses' memories fade, witnesses move away and victims hesitate to testify again,â</span> are not implicated.</span>
<span data-sentence-id="29437"><span><a href="/vid/888188316" data-vids="888188316" data-reftype="reporter" data-prop-ids="sentence_29171"><i><span>People v. Sepulveda</span>,</i> <span>65 P.3d 1002, 1008</span> <span>(<span>Colo.</span><span>2003</span>)</span></a></span>.</span>
</blockquote>
<blockquote data-paragraph-id="b_29489">
<span data-sentence-id="29489">â¢ Although raising double jeopardy below would <span>âconserve<span>[ ]</span> judicial resources by ensuring that trial judges will have an opportunity to correct any error,â</span>
<span><a href="/vid/887652252" data-vids="887652252" data-reftype="reporter" data-prop-ids="sentence_29489"><i><span>People v. Smith</span>,</i> <span>121 P.3d 243, 253</span> <span>(<span>Colo.App.</span><span>2005</span>)</span> <span>(Webb, J., specially concurring)</span></a></span>, doing so would not <span>âincrease<span>[ ]</span> the likelihood that a sufficient record will exist for meaningful appellate review.â</span></span>
<span data-sentence-id="29848"><span><i><span><a href="/vid/887652252" data-vids="887652252" data-reftype="ibid" data-prop-ids="sentence_29489"><span>Id.</span></a></span><span>;</span> <span>cf.</span> </i><span data-page_type="bracketed_cite" data-id="pagenumber_29857" data-rep="P.3d" data-vol="231" data-val="48"></span>
<span><a href="/vid/893421592" data-vids="893421592" data-reftype="reporter" data-prop-ids="embeddedsentence_29882,sentence_29489"><i><span>Veren</span>,</i> <span>140 P.3d at 140</span></a></span> <span>(<span>unconstitutionality as applied should not be addressed for the first time on appeal because <span>âit is imperative that <span>the trial court</span> make some factual record that indicates what causes <span>the statute</span> to be unconstitutional.â</span></span>)</span></span></span><span data-sentence-id="30102">.</span>
</blockquote>
<blockquote data-paragraph-id="b_30103">
<span data-sentence-id="30103">â¢ Return of a verdict before the double jeopardy claim is ripe, as here, precludes the possibility that defense <span>counsel</span> would intentionally <span>âwithhold a meritorious objection, permit error to occur, and then, in the event of a conviction, raise the error for the first time on appeal,â</span> in the hope of obtaining a retrial.</span>
<span data-sentence-id="30424"><span><span><a href="/vid/887652252" data-vids="887652252" data-reftype="reporter" data-prop-ids="sentence_30103"><i><span>Smith</span>,</i> <span>121 P.3d at 253</span></a></span> <span>(<span>citing authorities</span>)</span></span>.</span>
</blockquote>
<blockquote data-paragraph-id="b_30468">
<span data-sentence-id="30468">â¢ Where the sentencing <span>court</span> makes a ruling based on double jeopardy, either <span>party</span> could appeal, and review would be de novo.</span>
<span data-sentence-id="30594"><span><i><span>See, e.g.</span>, </i>
<span><a href="/vid/886090654" data-vids="886090654" data-reftype="reporter" data-prop-ids="sentence_30468"><i><span>People v. Stevenson</span>,</i> <span>228 P.3d 161, 168</span> <span>(<span>Colo.App.</span> <span>2009</span>)</span></a></span></span>.</span> <span data-sentence-id="30663"><span>A defendant</span> can also raise a double jeopardy sentencing argument under <span><a data-reftype="rule" data-prop-ids="sentence_30663"><span>Crim. P. 35<span>(c)</span></span></a></span>,
<span><a href="/vid/886278478" data-vids="886278478" data-reftype="reporter" data-prop-ids="sentence_30663"><i><span>People v. Collier</span>,</i> <span>151 P.3d 668, 672</span> <span>(<span>Colo.App.</span><span>2006</span>)</span></a></span>, and the postconviction <span>court</span> would rule on the same record <span>we</span> have before <span>us</span> now.</span>
</blockquote>
</div>
<p data-paragraph-id="30886"> <span data-paragraph-id="30886" data-sentence-id="30894">Nor do <span>we</span> have the same difficulty applying the plain error test to sentencing as the special concurrence suggests.</span> <span data-paragraph-id="30886" data-sentence-id="31010">The criteria of error that is plain and that prejudiced substantial rights,
<span><i><span>see, e.g.</span>, </i>
<span><a href="/vid/887634025" data-vids="887634025" data-reftype="reporter" data-prop-ids="sentence_31010"><i><span>People v. O'Connell</span>,</i> <span>134 P.3d 460, 463</span> <span>(<span>Colo.App.</span><span>2005</span>)</span></a></span></span>, can be used to evaluate an alleged sentencing error.</span> <span data-paragraph-id="30886" data-sentence-id="31208">The remaining criterion, whether the error <span>âcast<span>[s]</span> serious doubt on the reliability of the judgment <span>[of conviction]</span>,â</span>
<span><i><span>see, e.g.</span>, </i>
<span><a href="/vid/888188316" data-vids="888188316" data-reftype="reporter" data-prop-ids="sentence_31208"><i><span>People v. Sepulveda</span>,</i> <span>65 P.3d 1002, 1006</span> <span>(<span>Colo.</span><span>2003</span>)</span></a></span></span>, cannot be applied literally to sentencing because <span>the defendant</span> has already been convicted.</span></p>
<p data-paragraph-id="31483"> <span data-paragraph-id="31483" data-sentence-id="31491">But <span>âno definition <span>[of plain error]</span> will fit every case.â</span></span>
<span data-paragraph-id="31483" data-sentence-id="31549"><span><span><a href="/vid/889198358" data-vids="889198358" data-reftype="reporter" data-prop-ids="sentence_31491"><i><span>People v. Barker</span>,</i> <span>180 Colo. 28, 32</span>, <span>501 P.2d 1041, 1042</span> <span>(<span>1972</span>)</span></a></span><span>;</span>
<span><a href="/vid/886706809" data-vids="886706809" data-reftype="reporter" data-prop-ids="sentence_31491"><i><span>People v. Cook</span>,</i> <span>197 P.3d 269, 276</span> <span>(<span>Colo.App.</span><span>2008</span>)</span></a></span></span>.</span> <span data-paragraph-id="31483" data-sentence-id="31664">The underlying principle, <span>âa reasonable possibility that the error contributed to <span>[the]</span> conviction,â</span>
<span><i><span>see, e.g.</span>, </i>
<span><a href="/vid/893534099" data-vids="893534099" data-reftype="reporter" data-prop-ids="sentence_31664"><i><span>Kaufman v. People</span>,</i> <span>202 P.3d 542, 549</span> <span>(<span>Colo.</span><span>2009</span>)</span></a></span></span>, can be restated as looking for a reasonable possibility that the error contributed to the sentence.</span> <span data-paragraph-id="31483" data-sentence-id="31927">In the double jeopardy context, the answer would invariably be <span>âyes.â</span></span> <span data-paragraph-id="31483" data-sentence-id="31997">This would not necessarily be so with other sentencing errors.</span>
<span data-paragraph-id="31483" data-sentence-id="32060"><span><i><span>See, e.g.</span>, </i>
<span><a href="/vid/890051997" data-vids="890051997" data-reftype="reporter" data-prop-ids="sentence_31997"><i><span>People v. Gretz</span>,</i> <span>973 P.2d 110, 111</span> <span>(<span>Colo.App.</span><span>1998</span>)</span></a></span> <span>(sentencing without ordering PSIA)</span></span>.</span></p>
<div>
<section data-value="1. Imposing Separate Sentences for Identical Criminal Acts" data-specifier="1" data-ordinal_end="1" data-content-heading-label="1. Imposing Separate Sentences for Identical Criminal Acts" data-parsed="true" data-ordinal_start="1" data-id="heading_32158" id="heading_32158" data-format="number"><span data-paragraph-id="32158"><span data-paragraph-id="32158" data-sentence-id="32158">1.</span> <span data-paragraph-id="32158" data-sentence-id="32161">Imposing Separate Sentences for Identical Criminal Acts</span></span></section><p data-paragraph-id="32216"> <span data-paragraph-id="32216" data-sentence-id="32224"><span>We</span> reject Tillery's contention that <span>the trial court</span> violated his rights under the Double Jeopardy Clauses of the United States and Colorado Constitutions by imposing separate sentences for his convictions under <span><span><span><a data-reftype="section" data-prop-ids="sentence_32224"><span>section 18-3-405<span>(1)</span>, <span>(2)</span><span>(d)</span></span></a></span> <span>and</span> <span><a data-reftype="section" data-prop-ids="sentence_32224"><span>section 18-3-405.3<span>(1)</span>, <span>(2)</span><span>(a)</span></span></a></span></span></span>, because the convictions were based on identical criminal acts.</span></p>
<p data-paragraph-id="32560"> <span data-paragraph-id="32560" data-sentence-id="32568">In the context of multiple punishments for the same offense, double jeopardy is violated only if violations of the same statutory offense are not factually distinct from one another.</span>
<span data-paragraph-id="32560" data-sentence-id="32751"><span><i><span>See</span> </i>
<span><a href="/vid/889417133" data-vids="889417133" data-reftype="reporter" data-prop-ids="sentence_32568"><i><span>People v. Abiodun</span>,</i> <span>111 P.3d 462, 464-65</span> <span>(<span>Colo.</span><span>2005</span>)</span></a></span><span>;</span>
<span><i>see also</i></span> <span><a data-reftype="unspecified" data-prop-ids="embeddedsentence_32848,sentence_32568"><span>Â§ 18-1-408<span>(1)</span><span>(a)</span>, C.R.S.2009</span></a></span> <span>(<span><span>â<span>[w]</span>hen any conduct of <span>a defendant</span> establishes the commission of more than one offense, <span>the defendant</span> may be prosecuted for each such offense ... <span>[except when]</span> ... <span>[o]</span>ne offense is included in the other, as defined in <span><a data-reftype="section" data-prop-ids="sentence_32568"><span>subsection <span>(5)</span></span></a> of <span>this section</span></span>....â</span></span>)</span></span></span><span data-paragraph-id="32560" data-sentence-id="33102">.</span></p>
<p data-paragraph-id="33103"> <span data-paragraph-id="33103" data-sentence-id="33111">Sexual assault on a child is not a lesser included offense of sexual assault on a child by one in a position of trust.</span>
<span data-paragraph-id="33103" data-sentence-id="33230"><span><a href="/vid/890743425" data-vids="890743425" data-reftype="reporter" data-prop-ids="sentence_33111"><i><span>People v. Leske</span>,</i> <span>957 P.2d 1030, 1036</span> <span>(<span>Colo.</span><span>1998</span>)</span></a></span>.</span> <span data-paragraph-id="33103" data-sentence-id="33280">In
<span><a href="/vid/895286243" data-vids="895286243" data-reftype="reporter" data-prop-ids="sentence_33280"><i><span>People v. Valdez</span>,</i> <span>874 P.2d 415, 418</span> <span>(<span>Colo.App.</span><span>1993</span>)</span></a></span>, the division explained:</span></p>
<blockquote data-paragraph-id="b_33360">
<span data-sentence-id="33360">To be convicted of sexual assault on a child as part of a pattern of sexual abuse, <span>the prosecution</span> does not have to prove that <span>the defendant</span> was in a position of trust, but must prove the commission of the sexual contact charged and at least one other incident of sexual contact on the same child within ten years of the offense charged.</span> <span data-sentence-id="33698">In contrast, to be convicted of sexual assault on a child by one in a position of trust, <span>the prosecution</span> does not have to prove a pattern of sexual contact, but must prove that the actor was in a position of trust with respect to the victim.</span> <span data-sentence-id="33940">Hence, neither of these offenses requires proof of <span data-page_type="bracketed_cite" data-id="pagenumber_33991" data-rep="P.3d" data-vol="231" data-val="49"></span>
 the same or less than all of the facts required to establish the other.</span>
</blockquote>
<p data-paragraph-id="34064"><span data-paragraph-id="34064" data-sentence-id="34064"><span>(<span>Citations omitted</span>.)</span></span></p>
<p data-paragraph-id="34084"> <span data-paragraph-id="34084" data-sentence-id="34092">Tillery's reliance on
<span><a href="/vid/887566346" data-vids="887566346" data-reftype="reporter" data-prop-ids="sentence_34092"><i><span>Woellhaf v. People</span>,</i> <span>105 P.3d 209</span> <span>(<span>Colo.</span><span>2005</span>)</span></a></span>, is misplaced.</span> <span data-paragraph-id="34084" data-sentence-id="34175">Although <span>the supreme court</span> concluded that neither <span><a data-reftype="section" data-prop-ids="sentence_34175"><span>section 18-3-405</span></a></span> nor 18-3-405.3 <span>âauthorizes multiple punishments for each discrete act of sexual contact that occurs within a single incident of sexual assault on a child,â</span> it also noted that <span>the prosecution</span> may pursue multiple convictions if the underlying evidence supports factually distinct offenses.</span> <span data-paragraph-id="34084" data-sentence-id="34530"><span><a href="/vid/887566346" data-vids="887566346" data-reftype="reporter" data-prop-ids="sentence_34175"><span>105 P.3d at 216, 218</span></a></span>.</span> <span data-paragraph-id="34084" data-sentence-id="34552">Here, the evidence at trial clearly portrayed at least five distinct incidents of sexual contact that formed the basis for Tillery's convictions under both <span><span><span><a data-reftype="section" data-prop-ids="sentence_34552"><span>sections 18-3-405<span>(1)</span></span></a></span> <span>and</span> <span><a data-reftype="section" data-prop-ids="sentence_34552"><span>18-3-405.3<span>(1)</span></span></a></span></span></span>.</span></p>
<p data-paragraph-id="34747"> <span data-paragraph-id="34747" data-sentence-id="34755">Accordingly, <span>we</span> conclude that <span>the trial court</span> did not err by imposing separate sentences for his convictions under <span><span><span><a data-reftype="section" data-prop-ids="sentence_34755"><span>sections 18-3-405<span>(1)</span>, <span>(2)</span><span>(d)</span></span></a></span> <span>and</span> <span><a data-reftype="section" data-prop-ids="sentence_34755"><span>18-3-405.3<span>(1)</span>, <span>(2)</span><span>(a)</span></span></a></span></span></span>.</span></p>
</div>
<div>
<section data-value="2.
People v. Simon" data-specifier="2" data-ordinal_end="2" data-content-heading-label="2.
People v. Simon" data-parsed="true" data-ordinal_start="2" data-id="heading_34925" id="heading_34925" data-format="number"><span data-paragraph-id="34925"><span data-paragraph-id="34925" data-sentence-id="34925">2.</span>
<span data-paragraph-id="34925" data-sentence-id="34928"><i><span>People</span> v. Simon</i></span></span></section><p data-paragraph-id="34943"> <span data-paragraph-id="34943" data-sentence-id="34951">In supplemental briefs ordered by the division, <span>the parties</span> addressed
<span><a href="/vid/895149958" data-vids="895149958" data-reftype="reporter" data-prop-ids="sentence_34951"><i><span>People v. Simon</span>,</i> <span>219 P.3d 789</span> <span>(<span>Colo.App.</span><span>2009</span>)</span></a></span>.</span> <span data-paragraph-id="34943" data-sentence-id="35069">Although
<span><a href="/vid/895149958" data-vids="895149958" data-reftype="citeless" data-prop-ids="sentence_35069"><span><i>Simon</i></span></a></span> dealt with the pattern enhancer under the POT <span>statute</span>, now <span><a data-reftype="section" data-prop-ids="sentence_35069"><span>section 18-3-405.3<span>(2)</span><span>(b)</span></span></a></span>, that language is identical to the SAOC pattern enhancer, now <span><a data-reftype="section" data-prop-ids="sentence_35069"><span>section 18-3-405<span>(2)</span><span>(d)</span></span></a></span>, under which Tillery was sentenced.</span></p>
<p data-paragraph-id="35289"> <span data-paragraph-id="35289" data-sentence-id="35297">According to Tillery, <span>âthe judgments of conviction and sentences for all but one of the pattern convictions must be reversed.â</span></span> <span data-paragraph-id="35289" data-sentence-id="35424">While urging <span>us</span> to adopt the dissent in
<i><span><a href="/vid/895149958" data-vids="895149958" data-reftype="citeless" data-prop-ids="sentence_35424"><span>Simon</span></a></span>,</i> <span>the Attorney General</span> concedes that under the majority opinion, Tillery would remain convicted of five POT counts, but could stand convicted of only one SAOC pattern count.</span> <span data-paragraph-id="35289" data-sentence-id="35644">For the following reasons, <span>we</span> follow the dissent and conclude that because Tillery was properly convicted of five separate SAOC offenses, the sentence for each such offense may be enhanced based on evidence of pattern acts.</span>
<span data-paragraph-id="35289" data-sentence-id="35868"><span><i><span>See</span> </i>
<span><a href="/vid/890377557" data-vids="890377557" data-reftype="reporter" data-prop-ids="embeddedsentence_35946,sentence_35644"><i><span>Am. Family Mut. Ins. Co. v. Murakami</span>,</i> <span>169 P.3d 192, 193</span> <span>(<span>Colo.App.</span><span>2007</span>)</span></a></span> <span>(<span>one division of <span>court of appeals</span> not bound by the decision of another division</span>)</span></span>.</span></p>
<p data-paragraph-id="36026"> <span data-paragraph-id="36026" data-sentence-id="36034">First, under the majority's holding, an offender who repeatedly assaulted the same child would be subject to only one enhanced sentence, regardless of the number of assaults.</span> <span data-paragraph-id="36026" data-sentence-id="36209">This interpretation would frustrate the General Assembly's intent, as shown by the plain language, to treat pattern abuse as <span>âof greater social consequence and which merits greater punishment.â</span></span>
<span data-paragraph-id="36026" data-sentence-id="36403"><span><span><a href="/vid/895034973" data-vids="895034973" data-reftype="reporter" data-prop-ids="sentence_36209"><i><span>People v. Longoria</span>,</i> <span>862 P.2d 266, 270-71</span> <span>(<span>Colo.</span><span>1993</span>)</span></a></span><span>;</span>
<i><span>see, e.g.</span>, </i>
<span><a href="/vid/891383816" data-vids="891383816" data-reftype="reporter" data-prop-ids="embeddedsentence_36526,sentence_36209"><i><span>People v. District Court</span>,</i> <span>713 P.2d 918, 921</span> <span>(<span>Colo.</span><span>1986</span>)</span></a></span> <span>(<span><span>court</span>'s duty to give effect to <span>legislative intent</span></span>)</span></span>.</span></p>
<p data-paragraph-id="36577"> <span data-paragraph-id="36577" data-sentence-id="36585">Second, the substantive offense is SAOC.</span> <span data-paragraph-id="36577" data-sentence-id="36626">After describing the elements of SAOC, <span><a data-reftype="section" data-prop-ids="sentence_36626"><span>section 18-3-405<span>(2)</span></span></a></span> provides <span>âit is a class 3 felony if....â</span></span> <span data-paragraph-id="36577" data-sentence-id="36726">The antecedent of <span>âitâ</span> is SAOC.</span> <span data-paragraph-id="36577" data-sentence-id="36758">And the pattern sentence enhancer in <span><a data-reftype="section" data-prop-ids="sentence_36758"><span>section 18-3-405<span>(2)</span><span>(d)</span></span></a></span> is predicated on <span>âthe offense,â</span> which likewise refers back to SAOC.</span> <span data-paragraph-id="36577" data-sentence-id="36886">Neither the pattern definition in <span><a data-reftype="section" data-prop-ids="sentence_36886"><span>section 18-3-401<span>(2.5)</span></span></a></span>, which is entitled <span>âDefinitions,â</span> nor any other provision of that <span>section</span>, purports to establish a substantive offense.</span>
<span data-paragraph-id="36577" data-sentence-id="37062"><span><i><span>See</span> </i>
<span><a href="/vid/891013918" data-vids="891013918" data-reftype="reporter" data-prop-ids="embeddedsentence_37153,sentence_36886"><i><span>CLPF-Parkridge One, L.P. v. Harwell Investments, Inc.</span>,</i> <span>105 P.3d 658, 661</span> <span>(<span>Colo.</span><span>2005</span>)</span></a></span> <span>(<span><span>court</span> may consider <span>statute</span>'s title</span>)</span></span>.</span></p>
<p data-paragraph-id="37189"> <span data-paragraph-id="37189" data-sentence-id="37197">Third, the sentence enhancer contemplates multiple acts <span>(<span>â<span>the acts</span> constituting the pattern of sexual abuseâ</span>)</span>, one of which shall be <span>â<span>[t]</span>he offense charged in the information or indictment.â</span></span> <span data-paragraph-id="37189" data-sentence-id="37388">Especially in <span>a case</span> involving multiple SAOC charges, this language is contrary to the majority's unitary approach of looking at <span>âthe overall course of conduct,â</span>
<span><a href="/vid/895149958" data-vids="895149958" data-reftype="reporter" data-prop-ids="sentence_37388"><i><span>Simon</span>,</i> <span>219 P.3d at 791-92</span></a></span>, in which all pattern acts are lumped together to support but one enhanced sentence.</span></p>
<p data-paragraph-id="37660"> <span data-paragraph-id="37660" data-sentence-id="37668">Fourth, under
<span><a href="/vid/887566346" data-vids="887566346" data-reftype="reporter" data-prop-ids="sentence_37668"><i><span>Woellhaf</span>,</i> <span>105 P.3d at 218-19</span></a></span>, multiple sexual contacts can constitute different offenses if <span>they</span> occur in different locations or are separated by intervening events.</span></p>
<p data-paragraph-id="37848"> <span data-paragraph-id="37848" data-sentence-id="37856">As applied to the particular facts here, Tillery was convicted of five SAOC offenses and five POT offenses.</span> <span data-paragraph-id="37848" data-sentence-id="37964">The pattern instruction required that the incidents of sexual contact be <span>âseparated by time or intervening events.â</span></span> <span data-paragraph-id="37848" data-sentence-id="38080">Further, the jury was instructed that <span>â<span>[e]</span>ach count charges a separate and distinct offense ... and the evidence should <span data-page_type="bracketed_cite" data-id="pagenumber_38200" data-rep="P.3d" data-vol="231" data-val="50"></span>
 be considered separately, uninfluenced by your decision as to any other count.â</span></span> <span data-paragraph-id="37848" data-sentence-id="38282">Thus, as explained above, the POT convictions, although not evidence of the predicate act, constituted evidence of pattern of sexual abuse for each of the SAOC convictions.</span>
<span data-paragraph-id="37848" data-sentence-id="38455"><span><a href="/vid/889780487" data-vids="889780487" data-reftype="reporter" data-prop-ids="sentence_38282"><i><span>Honeysette</span>,</i> <span>53 P.3d at 718</span></a></span>.</span></p>
<p data-paragraph-id="38482"> <span data-paragraph-id="38482" data-sentence-id="38490">Therefore, <span>we</span> discern no double jeopardy violation in Tillery's five enhanced sentences on the SAOC counts.</span></p>
</div>
</div>
<div>
<section data-value="C. Lower Term of Tillery's Sentences" data-specifier="C" data-ordinal_end="3" data-content-heading-label="C. Lower Term of Tillery's Sentences" data-parsed="true" data-ordinal_start="3" data-id="heading_38597" id="heading_38597" data-format="upper_case_letters"><span data-paragraph-id="38597"><span data-paragraph-id="38597" data-sentence-id="38597">C.</span> <span data-paragraph-id="38597" data-sentence-id="38600">Lower Term of Tillery's Sentences</span></span></section><p data-paragraph-id="38633"> <span data-paragraph-id="38633" data-sentence-id="38641">Tillery next contends <span>the trial court</span> erred by imposing a lower term of sixty years for his indeterminate life sentences on each of the pattern and POT counts.</span> <span data-paragraph-id="38633" data-sentence-id="38801"><span>We</span> agree.</span></p>
<p data-paragraph-id="38810"> <span data-paragraph-id="38810" data-sentence-id="38818">Statutory interpretation is a question of law that <span>we</span> review de novo.</span>
<span data-paragraph-id="38810" data-sentence-id="38888"><span><a href="/vid/887491340" data-vids="887491340" data-reftype="reporter" data-prop-ids="sentence_38818"><i><span>Klinger v. Adams County Sch. Dist. No. 50</span>,</i> <span>130 P.3d 1027, 1031</span> <span>(<span>Colo.</span><span>2006</span>)</span></a></span>.</span></p>
<p data-paragraph-id="38963"> <span data-paragraph-id="38963" data-sentence-id="38971"><span>We</span> must adopt the statutory construction that <span>âbest effectuates the intent of the General Assembly and the purposes of the legislative scheme.â</span></span>
<span data-paragraph-id="38963" data-sentence-id="39115"><span><a href="/vid/889290926" data-vids="889290926" data-reftype="reporter" data-prop-ids="sentence_38971"><i><span>State v. Nieto</span>,</i> <span>993 P.2d 493, 501</span> <span>(<span>Colo.</span><span>2000</span>)</span></a></span>.</span> <span data-paragraph-id="38963" data-sentence-id="39162">Where the language is clear, <span>we</span> do not look beyond the plain meaning of the words or resort to other rules of statutory construction.</span>
<span data-paragraph-id="38963" data-sentence-id="39296"><span><a href="/vid/893433794" data-vids="893433794" data-reftype="reporter" data-prop-ids="sentence_39162"><i><span>Slack v. Farmers Ins. Exch.</span>,</i> <span>5 P.3d 280, 284</span> <span>(<span>Colo.</span><span>2000</span>)</span></a></span>.</span> <span data-paragraph-id="38963" data-sentence-id="39354">But if <span>the statute</span> is reasonably susceptible to multiple interpretations, it is ambiguous, and <span>we</span> apply principles of statutory interpretation.</span>
<span data-paragraph-id="38963" data-sentence-id="39498"><span><a href="/vid/886965763" data-vids="886965763" data-reftype="reporter" data-prop-ids="sentence_39354"><i><span>Williams v. Kunau</span>,</i> <span>147 P.3d 33, 36</span> <span>(<span>Colo.</span><span>2006</span>)</span></a></span>.</span></p>
<p data-paragraph-id="39545"> <span data-paragraph-id="39545" data-sentence-id="39553">To reasonably effectuate <span>the legislative intent</span>, <span>a statute</span> should be construed as a whole, giving consistent, harmonious, and sensible effect to all of its parts.</span>
<span data-paragraph-id="39545" data-sentence-id="39716"><span><a href="/vid/891383816" data-vids="891383816" data-reftype="reporter" data-prop-ids="sentence_39553"><i><span>People v. Dist. Court</span>,</i> <span>713 P.2d 918, 921</span> <span>(<span>Colo.</span><span>1986</span>)</span></a></span>.</span> <span data-paragraph-id="39545" data-sentence-id="39770"><span>A court</span> may consider the legislative history and legislative declaration or purpose.</span> <span data-paragraph-id="39545" data-sentence-id="39855"><span><a data-reftype="unspecified" data-prop-ids="sentence_39770"><span>Â§ 2-4-203<span><span>(1)</span></span><span>(c)</span>, <span>(g)</span>, C.R.S.2009</span></a></span>.</span></p>
<div>
<section data-value="1.
Vensor v. People" data-specifier="1" data-ordinal_end="1" data-content-heading-label="1.
Vensor v. People" data-parsed="true" data-ordinal_start="1" data-id="heading_39888" id="heading_39888" data-format="number"><span data-paragraph-id="39888"><span data-paragraph-id="39888" data-sentence-id="39888">1.</span>
<span data-paragraph-id="39888" data-sentence-id="39891"><i>Vensor v. <span>People</span></i></span></span></section><p data-paragraph-id="39907"> <span data-paragraph-id="39907" data-sentence-id="39915">Tillery argues, <span>the Attorney General</span> concedes, and <span>we</span> agree, that <span>the trial court</span>'s lower term of sixty years for his indeterminate life sentences cannot be reconciled with
<span><a href="/vid/888925618" data-vids="888925618" data-reftype="reporter" data-prop-ids="sentence_39915"><i><span>Vensor v. People</span>,</i> <span>151 P.3d 1274, 1279</span> <span>(<span>Colo.</span><span>2007</span>)</span></a></span>, decided after Tillery was sentenced.</span></p>
<p data-paragraph-id="40176"> <span data-paragraph-id="40176" data-sentence-id="40184">In
<i><span><a href="/vid/888925618" data-vids="888925618" data-reftype="citeless" data-prop-ids="sentence_40184"><span>Vensor</span></a></span>,</i> <span>the supreme court</span> concluded:</span></p>
<blockquote data-paragraph-id="b_40224"><span data-sentence-id="40224"><span>[T]</span>he ambiguous language of <span><a data-reftype="section" data-prop-ids="sentence_40224"><span>section 18-1.3-1004<span>(1)</span><span>(a)</span></span></a></span> must be construed to require an indeterminate sentence for the class two, three, and four felony sex offenses to which it applies, consisting of an upper term of the sex offender's natural life and a lower term of a definite number of years, not less than the minimum
<i>nor more than twice the maximum of the presumptive range</i> authorized for the class of felony of which <span>the defendant</span> stands convicted.</span></blockquote>
<p data-paragraph-id="40679"><span data-paragraph-id="40679" data-sentence-id="40679"><span>(<span>Emphasis added</span>.)</span></span> <span data-paragraph-id="40679" data-sentence-id="40697"><span><span>The court</span>'s rationale</span> would apply equally to <span><a data-reftype="section" data-prop-ids="sentence_40697"><span>section 18-1.3-1004<span>(1)</span><span>(b)</span></span></a></span>, under which Tillery was sentenced.</span>
<i><span data-paragraph-id="40679" data-sentence-id="40804">See</span> </i>
</p>
<p data-paragraph-id="40809"><span data-paragraph-id="40809" data-sentence-id="40809"><span><span><a data-reftype="reporter" data-refglobal="case:peoplevvilla,---p3d----,----,2009wl3128745"><i><span>People v. Villa</span>,</i> <span>---P.3d ----, ----</span>, <span>2009 WL 3128745</span></a></span> <span>(<span><a data-reftype="unspecified"><span>Colo.App. No. 06CA1857</span></a></span>, <span>Oct. 1, 2009</span>)</span> <span>(<span>applying</span>
<span><a href="/vid/888925618" data-vids="888925618" data-reftype="citeless"><span><i>Vensor</i></span></a></span> to the <span><a data-reftype="legislation"><span>Colorado Sex Offender Lifetime Supervision Act of 1988, Â§ 18-1.3-1004</span></a></span>)</span></span>.</span></p>
<p data-paragraph-id="40996"> <span data-paragraph-id="40996" data-sentence-id="41004">The presumptive range for class three felonies specified in <span><a data-reftype="section" data-prop-ids="sentence_41004"><span>section 18-1.3-401<span>(1)</span><span>(a)</span><span>(V)</span><span>(A)</span></span></a></span> is four to twelve years, plus five years of mandatory parole.</span> <span data-paragraph-id="40996" data-sentence-id="41157">Tillery concedes that <span>the trial court</span> was required to sentence Counts 1-5 and 7 as crimes of violence under <span><a data-reftype="section" data-prop-ids="sentence_41157"><span>section 18-1.3-1004<span>(1)</span><span>(b)</span></span></a></span>.</span> <span data-paragraph-id="40996" data-sentence-id="41292">But as <span>we</span> conclude in the following <span>section</span>, this range cannot be enhanced by <span><a data-reftype="section" data-prop-ids="sentence_41292"><span>section 18-1.3-401<span>(10)</span></span></a></span>.</span></p>
<p data-paragraph-id="41393"> <span data-paragraph-id="41393" data-sentence-id="41401">Thus, on resentencing the lower term of Tillery's sentences must not be less than the minimum:</span></p>
<div>
<blockquote data-paragraph-id="b_41495"><span data-sentence-id="41495">â¢ For Counts 1-5 and 7 under <span><a data-reftype="section" data-prop-ids="sentence_41495"><span>section 18-1.3-1004<span>(1)</span><span>(b)</span></span></a></span>, <span>âthe midpoint of the presumptive rangeâ</span>: eight years; and</span></blockquote>
<blockquote data-paragraph-id="b_41610"><span data-sentence-id="41610">â¢ For Counts 6 and 8-10 under <span><a data-reftype="section" data-prop-ids="sentence_41610"><span>section 18-1.3-1004<span>(1)</span><span>(a)</span></span></a></span>, <span>âthe minimum of the presumptive rangeâ</span>: four years.</span></blockquote>
</div>
<p data-paragraph-id="41719"><span data-paragraph-id="41719" data-sentence-id="41719">For Counts 1-10, the lower term of Tillery's sentences must not be more than <span>âtwice the maximum of the presumptive range authorized for the class of felony of which <span>the defendant</span> stands convictedâ</span>: twenty-four years.</span></p>
<p data-paragraph-id="41936"> <span data-paragraph-id="41936" data-sentence-id="41944">Accordingly, <span>we</span> conclude that Tillery's sentences exceeded what is authorized by law and must be vacated.</span> <span data-paragraph-id="41936" data-sentence-id="42050">On remand, <span>the trial court</span> shall sentence Tillery within these ranges.</span> <span data-paragraph-id="41936" data-sentence-id="42121"><span>We</span> express no opinion whether, on <span data-page_type="bracketed_cite" data-id="pagenumber_42155" data-rep="P.3d" data-vol="231" data-val="51"></span>
 remand, <span>the trial court</span> can impose consecutive rather than concurrent sentences to achieve its original sentencing objectives.</span></p>
</div>
<div>
<section data-value="2. Crime of Violence Enhancement" data-specifier="2" data-ordinal_end="2" data-content-heading-label="2. Crime of Violence Enhancement" data-parsed="true" data-ordinal_start="2" data-id="heading_42283" id="heading_42283" data-format="number"><span data-paragraph-id="42283"><span data-paragraph-id="42283" data-sentence-id="42283">2.</span> <span data-paragraph-id="42283" data-sentence-id="42286">Crime of Violence Enhancement</span></span></section><p data-paragraph-id="42315"> <span data-paragraph-id="42315" data-sentence-id="42323">Tillery next argues that on remand <span>the trial court</span> cannot apply <span><a data-reftype="section" data-prop-ids="sentence_42323"><span>section 18-1.3-401<span>(10)</span></span></a></span> to increase the presumptive range in calculating the lower term of the indeterminate life sentence on his crime of violence convictions <span>(Counts 1-5 and 7)</span>.</span> <span data-paragraph-id="42315" data-sentence-id="42566">Again, <span>we</span> agree.</span></p>
<div>
<section data-value="a. Plain Language" data-specifier="a" data-ordinal_end="1" data-content-heading-label="a. Plain Language" data-parsed="true" data-ordinal_start="1" data-id="heading_42582" id="heading_42582" data-format="lower_case_letters"><span data-paragraph-id="42582"><span data-paragraph-id="42582" data-sentence-id="42582">a. Plain Language</span></span></section><p data-paragraph-id="42599"> <span data-paragraph-id="42599" data-sentence-id="42607"><span>We</span> first examine the plain language of the relevant <span>statutes</span> to determine whether <span><a data-reftype="section" data-prop-ids="sentence_42607"><span>section 18-1.3-401<span>(10)</span></span></a></span> applies to crimes of violence that are sexual offenses, and conclude that taken together, <span>these statutes</span> are unclear.</span></p>
<p data-paragraph-id="42829"> <span data-paragraph-id="42829" data-sentence-id="42837">Under <span><a data-reftype="section" data-prop-ids="sentence_42837"><span>section 18-1.3-401<span>(10)</span><span>(a)</span></span></a></span>:</span></p>
<blockquote data-paragraph-id="b_42869"><span data-sentence-id="42869">The general assembly hereby finds that certain crimes which are
<i>listed in <span><a data-reftype="rule" data-prop-ids="sentence_42869"><span>paragraph <span>(b)</span></span></a></span></i> of this <span><a data-reftype="section" data-prop-ids="sentence_42869"><span>subsection <span>(10)</span></span></a></span> present an extraordinary risk of harm to society and therefore, in the interest of public safety, for such crimes which constitute class 3 felonies, the maximum sentence in the presumptive range shall be increased by four years ....</span></blockquote>
<p data-paragraph-id="43214"><span data-paragraph-id="43214" data-sentence-id="43214"><span>(<span>Emphasis added</span>.)</span></span> <span data-paragraph-id="43214" data-sentence-id="43232"><span><a data-reftype="section" data-prop-ids="sentence_43232"><span>Section 18-1.3-401<span>(10)</span><span>(b)</span><span>(XII)</span></span></a></span> includes <span>â<span>[a]</span>ny crime of violence, as defined in <span><a data-reftype="section" data-prop-ids="sentence_43232"><span>section 18-1.3-406</span></a></span>.â</span></span></p>
<p data-paragraph-id="43332"> <span data-paragraph-id="43332" data-sentence-id="43340"><span><a data-reftype="section" data-prop-ids="sentence_43340"><span>Section 18-1.3-406<span>(2)</span><span>(b)</span><span>(I)</span></span></a></span> defines crime of violence in part as <span>âany unlawful sexual offense in which <span>the defendant</span> caused bodily injury to the victim or in which <span>the defendant</span> used threat, intimidation, or force against the victim.â</span></span> <span data-paragraph-id="43332" data-sentence-id="43575">From this language, <span>the Attorney General</span> asserts that <span><a data-reftype="section" data-prop-ids="sentence_43575"><span>section 18-1.3-401<span>(10)</span></span></a></span> applies to crimes of violence which are sexual offenses.</span></p>
<p data-paragraph-id="43708"> <span data-paragraph-id="43708" data-sentence-id="43716">However, <span><a data-reftype="section" data-prop-ids="sentence_43716"><span>subsections <span>(1)</span><span>(a)</span> and <span>(1)</span><span>(b)</span></span></a></span> of 18-1.3-406 differentiate between crimes of violence that involve sexual offenses and those that do not.</span> <span data-paragraph-id="43708" data-sentence-id="43862">Under <span><a data-reftype="section" data-prop-ids="sentence_43862"><span>section 18-1.3-406<span>(1)</span><span>(a)</span></span></a></span>, any person convicted of a crime of violence that is not a sexual offense shall receive a sentence <span>âof at least the midpoint in, but not more than twice the maximum of, the presumptive range provided for such offense in <span><a data-reftype="section" data-prop-ids="sentence_43862"><span>section 18-1.3-401<span>(1)</span><span>(a)</span></span></a></span>,
<i>as modified for an extraordinary risk crime pursuant to <span><a data-reftype="section" data-prop-ids="sentence_43862"><span>section 18-1.3-401<span>(10)</span></span></a></span></i> ....â</span></span> <span data-paragraph-id="43708" data-sentence-id="44225"><span>(<span>Emphasis added</span>.)</span></span> <span data-paragraph-id="43708" data-sentence-id="44243">In <span><span>contrast</span>, <span><a data-reftype="section" data-prop-ids="sentence_44243"><span>section 18-1.3-406<span>(1)</span><span>(b)</span></span></a></span></span>, which applies to sexual offenses, does not cross-reference <span><a data-reftype="section" data-prop-ids="sentence_44243"><span>section 18-1.3-401<span>(10)</span></span></a></span>:</span></p>
<blockquote data-paragraph-id="b_44364"><span data-sentence-id="44364">Notwithstanding the provisions of <span><a data-reftype="rule" data-prop-ids="sentence_44364"><span>paragraph <span>(a)</span></span></a></span> of this <span><a data-reftype="section" data-prop-ids="sentence_44364"><span>subsection <span>(1)</span></span></a></span>, any person convicted of a sex offense, as defined in <span><a data-reftype="section" data-prop-ids="sentence_44364"><span>section 18-1.3-1003<span>(5)</span></span></a></span>, committed on or after <span>November 1, 1998</span>,
<i>that constitutes a crime of violence shall be sentenced to the department of corrections for an indeterminate term of incarceration of at least the midpoint in the presumptive range</i> specified in <span><a data-reftype="section" data-prop-ids="sentence_44364"><span>section 18-1.3-401<span>(1)</span><span>(a)</span><span>(V)</span><span>(A)</span></span></a></span> up to a maximum of the person's natural life, as provided in <span><a data-reftype="section" data-prop-ids="sentence_44364"><span>section 18-1.3-1004<span>(1)</span></span></a></span>.</span></blockquote>
<p data-paragraph-id="44864"><span data-paragraph-id="44864" data-sentence-id="44864"><span>(<span>Emphasis added</span>.)</span></span></p>
<p data-paragraph-id="44881"> <span data-paragraph-id="44881" data-sentence-id="44889">Reading <span>these statutes</span> as a whole, <span>we</span> cannot determine if <span>the legislature</span> intended to apply <span><a data-reftype="section" data-prop-ids="sentence_44889"><span>section 18-1.3-401<span>(10)</span></span></a></span> to crimes of violence that are sexual offenses.</span> <span data-paragraph-id="44881" data-sentence-id="45052">Therefore, <span>we</span> turn to <span>the legislative intent</span> behind <span><a data-reftype="section" data-prop-ids="sentence_45052"><span>section 18-1.3-401<span>(10)</span></span></a></span>.</span></p>
</div>
<div>
<section data-value="b. Legislative History of 2004 Amendments To Section 18-1.3-401(10)" data-specifier="b" data-ordinal_end="2" data-content-heading-label="b. Legislative History of 2004 Amendments To Section 18-1.3-401(10)" data-parsed="true" data-ordinal_start="2" data-id="heading_45127" id="heading_45127" data-format="lower_case_letters"><span data-paragraph-id="45127"><span data-paragraph-id="45127" data-sentence-id="45127">b. Legislative History of <span><span>2004</span> <span>Amendments</span></span> To <span><a data-reftype="section" data-prop-ids="sentence_45127"><span>Section 18-1.3-401<span>(10)</span></span></a></span></span></span></section><p data-paragraph-id="45194"> <span data-paragraph-id="45194" data-sentence-id="45202">In <span>2004</span>, the General Assembly passed House <span>Bill</span> 1388, which repealed <span><a data-reftype="section" data-prop-ids="sentence_45202"><span>section 18-1.3-401<span>(10)</span><span>(c)</span></span></a></span>.</span> <span data-paragraph-id="45194" data-sentence-id="45298">That <span>section</span> provided:</span></p>
<blockquote data-paragraph-id="b_45320"><span data-sentence-id="45320">With respect to the offenses specified in subparagraphs <span>(I)</span> to <span>(VIII)</span> of <span><a data-reftype="rule" data-prop-ids="sentence_45320"><span>paragraph <span>(b)</span></span></a></span> of this <span><a data-reftype="section" data-prop-ids="sentence_45320"><span>subsection <span>(10)</span></span></a></span> and sexual offenses that constitute crimes of violence, the provisions of this <span><a data-reftype="section" data-prop-ids="sentence_45320"><span>subsection <span>(10)</span></span></a></span> apply only to offenses committed prior to <span>November 1, 1998</span>.</span></blockquote>
<p data-paragraph-id="45585"><span data-paragraph-id="45585" data-sentence-id="45585">HB 1388 also eliminated all references to sexual offenses in <span><a data-reftype="section" data-prop-ids="sentence_45585"><span>section 18-1.3-401<span>(10)</span><span>(b)</span></span></a></span>, which had included both the SAOC and POT offenses at issue here.</span> <span data-paragraph-id="45585" data-sentence-id="45738">Additionally, HB 1388 added to <span><a data-reftype="section" data-prop-ids="sentence_45738"><span>section 18-1.3-406<span>(1)</span><span>(a)</span></span></a></span> the reference <span>âas modified for an extraordinary risk crime pursuant to <span><a data-reftype="section" data-prop-ids="sentence_45738"><span>section 18-1.3-401<span>(10)</span></span></a></span>.â</span></span></p>
<p data-paragraph-id="45889"> <span data-paragraph-id="45889" data-sentence-id="45897">The sponsor for HB 1388 provided two explanations for <span>these amendments</span>:</span></p>
<div>
<blockquote data-paragraph-id="b_45968">
<span data-sentence-id="45968">It removes from the list of extraordinary risk crimes all sexual offenses which were <span data-page_type="bracketed_cite" data-id="pagenumber_46053" data-rep="P.3d" data-vol="231" data-val="52"></span>
 described as not constituting extraordinary risk crimes <span>[in <span>the <span>1998</span> <span>amendments</span></span> to the sentencing <span>statute</span>]</span>.</span> <span data-sentence-id="46163">These changes were part of the implementation of the indeterminate sentencing for sexual assaults and <span>the bill</span> clears up the confusion about how these provisions are applied.</span>
</blockquote>
<blockquote data-paragraph-id="b_46337"><span data-sentence-id="46337">It puts a reference of extraordinary risk sentencing provision into each <span>statute</span> that it refers to ... so when it's applicable that will be identified not just in one place but throughout <span>the statute</span>.<a href="#note-fr1" id="note-ref-fr1">1</a></span></blockquote>
</div>
<p data-paragraph-id="46537"><span data-paragraph-id="46537" data-sentence-id="46537">Then <span>Denver District Attorney</span> <span><span>Bill</span> Ritter</span> testified:</span></p>
<blockquote data-paragraph-id="b_46589">
<span data-sentence-id="46589">With regard to sexual offenses this legislative body changed the scheme on ... sexual offender sentencing so that most sexual offenses that are felonies carry with them an indeterminate sentence of the minimum sentence the judge sets and up to your life in prison.</span> <span data-sentence-id="46854">Because there is that outward end of life in prison then <span>they</span>'re no longer required to be sentenced as extraordinary risk crimes ... it in effect means nothing to call them extraordinary risk crimes because the upper end is life in prison.</span>
</blockquote>
<p data-paragraph-id="47093"> <span data-paragraph-id="47093" data-sentence-id="47101"><span>We</span> conclude that this legislative history clearly indicates an intent not to apply <span><a data-reftype="section" data-prop-ids="sentence_47101"><span>section 18-1.3-401<span>(10)</span></span></a></span> to crimes of violence that are sexual offenses.</span> <span data-paragraph-id="47093" data-sentence-id="47255">Because <span>â<span>[a]</span> <span>statute</span> should not be construed in a manner which defeats the obvious <span>legislative intent</span>,â</span>
<span><a href="/vid/895466988" data-vids="895466988" data-reftype="reporter" data-prop-ids="sentence_47255"><i><span>Tacorante v. People</span>,</i> <span>624 P.2d 1324, 1330</span> <span>(<span>Colo.</span><span>1981</span>)</span></a></span>, <span>we</span> further conclude that on remand <span>the trial court</span> shall not enhance Tillery's crime of violence convictions under <span><a data-reftype="section" data-prop-ids="sentence_47255"><span>section 18-1.3-401<span>(10)</span></span></a></span>.</span></p>
</div>
</div>
</div>
</div>
<div>
<section data-value="V. Remaining Issues" data-specifier="V" data-ordinal_end="5" data-content-heading-label="V. Remaining Issues" data-parsed="true" data-ordinal_start="5" data-id="heading_47551" id="heading_47551" data-format="upper_case_roman_numeral"><span data-paragraph-id="47551"><span data-paragraph-id="47551" data-sentence-id="47551">V.</span> <span data-paragraph-id="47551" data-sentence-id="47554">Remaining Issues</span></span></section><p data-paragraph-id="47570"> <span data-paragraph-id="47570" data-sentence-id="47578">Because Tillery argues for the first time on appeal that <span><a data-reftype="legislation" data-prop-ids="sentence_47578"><span>Colorado's Sex Offender Lifetime Supervision Act</span></a></span> is facially unconstitutional, <span>we</span> decline to address that argument.</span> <span data-paragraph-id="47570" data-sentence-id="47751">Unlike his double jeopardy argument, this unpreserved facial challenge is barred.</span>
<span data-paragraph-id="47570" data-sentence-id="47833"><span><span><a href="/vid/891063660" data-vids="891063660" data-reftype="reporter" data-prop-ids="sentence_47751"><i><span>People v. Lesney</span>,</i> <span>855 P.2d 1364, 1366</span> <span>(<span>Colo.</span><span>1993</span>)</span></a></span><span>;</span>
<span><a href="/vid/891884534" data-vids="891884534" data-reftype="reporter" data-prop-ids="sentence_47751"><i><span>Rickstrew v. People</span>,</i> <span>822 P.2d 505</span> <span>(<span>Colo.</span><span>1991</span>)</span></a></span></span>.</span></p>
<p data-paragraph-id="47930"> <span data-paragraph-id="47930" data-sentence-id="47938"><span>We</span> reject Tillery's contention of cumulative error.</span> <span data-paragraph-id="47930" data-sentence-id="47990">The only errors <span>we</span> have found were <span>the prosecutor</span>'s remarks during closing, which did not constitute plain error, and the error related to sentencing, which will be corrected on remand.</span> <span data-paragraph-id="47930" data-sentence-id="48176">Further, the sentencing error did not affect Tillery's right to a fair trial.</span>
<span data-paragraph-id="47930" data-sentence-id="48254"><span><i><span>See</span> </i>
<span><a href="/vid/888844389" data-vids="888844389" data-reftype="reporter" data-prop-ids="sentence_48176"><i><span>People v. Welsh</span>,</i> <span>176 P.3d 781, 791</span> <span>(<span>Colo.App.</span><span>2007</span>)</span></a></span></span>.</span></p>
<p data-paragraph-id="48310"> <span data-paragraph-id="48310" data-sentence-id="48318">The judgment is affirmed.</span> <span data-paragraph-id="48310" data-sentence-id="48344">Tillery's sentence is vacated, and <span>the case</span> is remanded to <span>the trial court</span> for resentencing consistent with this opinion.</span></p>
<p data-paragraph-id="48465"><span data-content-heading-label="Opinion (ROMÃN)"><span data-paragraph-id="48465" data-sentence-id="48465"><span>Judge <span><span>ROMÃN</span></span> concurs</span>.</span></span></p>
</div>
</div>
<div>
<p data-paragraph-id="48485"><span data-content-heading-label="Concurring Opinion (BERNARD, BERNARD)"><span data-paragraph-id="48485" data-sentence-id="48485"><span>Judge <span><span>BERNARD</span></span> <span>specially concurs</span></span>.</span></span></p>
<p data-paragraph-id="48517"><span><span data-paragraph-id="48517" data-sentence-id="48517"><span>Judge <span><span>BERNARD</span></span> <span>specially concurring</span></span>.</span></span></p>
<div>
<section data-ordinal_start="1" data-specifier="I" data-ordinal_end="1" data-content-heading-label="I. Introduction" data-value="I. Introduction" data-parsed="true" data-id="heading_48552" id="heading_48552" data-confidences="very_high" data-format="upper_case_roman_numeral" data-types="introduction"><span data-paragraph-id="48552"><span data-paragraph-id="48552" data-sentence-id="48552">I.</span> <span data-paragraph-id="48552" data-sentence-id="48555">Introduction</span></span></section><p data-paragraph-id="48567"> <span data-paragraph-id="48567" data-sentence-id="48575"><span>âThere would seem to be no error to which plain error review would not apply....â</span></span> <span data-paragraph-id="48567" data-sentence-id="48657">3B <span><a data-reftype="unspecified"><span>Charles Alan Wright, Nancy J. King &amp; Susan R. Klein,
<i>Federal Practice and Procedure</i></span> <span>Â§ 856, at 511 <span>(3d ed.2004)</span></span></a></span>.</span> <span data-paragraph-id="48567" data-sentence-id="48773">This quotation represents the view of eminent commentators who were analyzing <span><a data-reftype="rule" data-prop-ids="sentence_48773"><span>Fed.R.Crim.P. 52<span>(b)</span></span></a></span>.</span> <span data-paragraph-id="48567" data-sentence-id="48872">Because Colorado's counterpart, <span><a data-reftype="rule" data-prop-ids="sentence_48872"><span>Crim. P. 52<span>(b)</span></span></a></span>, is identical,
<span><i><span>see</span> </i>
<span><a href="/vid/887634025" data-vids="887634025" data-reftype="reporter" data-prop-ids="sentence_48872"><i><span>People v. O'Connell</span>,</i> <span>134 P.3d 460, 464</span> <span>(<span>Colo.App.</span><span>2005</span>)</span></a></span></span>, my colleagues in the majority clearly have a reasoned and principled basis for relying on federal authority, such as
<span><a href="/vid/887288200" data-vids="887288200" data-reftype="reporter" data-prop-ids="sentence_48872"><i><span>United States v. Lewis</span>,</i> <span>492 F.3d 1219, 1222</span> <span>(<span>11th Cir.</span><span>2007</span>)</span></a></span>, to reach the conclusion that <span>we</span> should review two unpreserved errors in <span>this case</span>.</span></p>
<p data-paragraph-id="49257"> <span data-paragraph-id="49257" data-sentence-id="49265">However, I am deeply troubled by three classes of questions that I respectfully suggest are inherently raised by the majority's analysis.</span> <span data-paragraph-id="49257" data-sentence-id="49403">First, there are doctrinal issues.</span> <span data-paragraph-id="49257" data-sentence-id="49438">Are constitutional errors that occur in sentencing, which are unconnected to the propriety of a plea or verdict of guilt, trial errors?</span> <span data-paragraph-id="49257" data-sentence-id="49574">If <span>they</span> are not trial errors, are <span>they</span> subject to plain error analysis?</span> <span data-paragraph-id="49257" data-sentence-id="49646">If <span>they</span> are subject to plain error analysis, are the kinds of errors that are discussed here subject to automatic<span data-page_type="bracketed_cite" data-id="pagenumber_49759" data-rep="P.3d" data-vol="231" data-val="53"></span>
 reversal if found to exist?</span> <span data-paragraph-id="49257" data-sentence-id="49790">If so, are <span>they</span> more akin to structural errors, which are not amenable to plain error analysis?</span></p>
<p data-paragraph-id="49885"> <span data-paragraph-id="49885" data-sentence-id="49893">Second, because I believe that Colorado has, historically, approached plain error analysis somewhat differently than the <span>federal courts</span>, is plain error review inapposite here because the unpreserved errors at issue are of the kind that <span>we</span> do not review for plain error?</span></p>
<p data-paragraph-id="50162"> <span data-paragraph-id="50162" data-sentence-id="50170">Third, what are the consequences of expanding plain error review in <span>these circumstances</span>?</span> <span data-paragraph-id="50162" data-sentence-id="50259">Are the plain error standards employed in Colorado different from those employed in federal <span>cases</span>?</span> <span data-paragraph-id="50162" data-sentence-id="50358">What effect will the expansion of plain error review have on federal habeas corpus review of Colorado convictions?</span> <span data-paragraph-id="50162" data-sentence-id="50473">Will the expansion of plain error review increase the number of <span>cases</span> reviewed for plain error, and what effect will the expansion of review have on the principle that trials and sentencing hearings, not appeals, are the <span>âmain eventâ</span> in the criminal justice process?</span></p>
<p data-paragraph-id="50739"> <span data-paragraph-id="50739" data-sentence-id="50747">I wish to make plain that this is my only divergence from the majority's <span>analysis in <span>this case</span></span>.</span> <span data-paragraph-id="50739" data-sentence-id="50843">I concur with the result and with the rationale of the rest of the opinion.</span> <span data-paragraph-id="50739" data-sentence-id="50919">My sole purpose in writing separately is to express my respectful disagreement with the majority's <span>decision in <span><a data-reftype="section" data-prop-ids="sentence_50919"><span>section IV</span></a></span></span> to analyze two unpreserved errors.</span></p>
</div>
<div>
<section data-value="II. Trial Errors, Structural Errors, and the Standard of Review" data-specifier="II" data-ordinal_end="2" data-content-heading-label="II. Trial Errors, Structural Errors, and the Standard of Review" data-parsed="true" data-ordinal_start="2" data-id="heading_51075" id="heading_51075" data-format="upper_case_roman_numeral"><span data-paragraph-id="51075"><span data-paragraph-id="51075" data-sentence-id="51075">II.</span> <span data-paragraph-id="51075" data-sentence-id="51079">Trial Errors, Structural Errors, and the Standard of Review</span></span></section><p data-paragraph-id="51138"> <span data-paragraph-id="51138" data-sentence-id="51146">The general rule is that <span>a party</span> must raise a contemporaneous objection before an error will be considered on appellate review.</span>
<span data-paragraph-id="51138" data-sentence-id="51274"><span><a href="/vid/889277780" data-vids="889277780" data-reftype="reporter" data-prop-ids="sentence_51146"><i><span>People v. Wilson</span>,</i> <span>838 P.2d 284, 289</span> <span>(<span>Colo.</span><span>1992</span>)</span></a></span>.</span> <span data-paragraph-id="51138" data-sentence-id="51323"><span><a data-reftype="rule" data-prop-ids="sentence_51323"><span>Crim. P. 52<span>(b)</span></span></a></span> modifies this general rule by allowing <span>appellate courts</span> to address particularly damaging errors.</span>
<span data-paragraph-id="51138" data-sentence-id="51435"><span><a data-reftype="ibid" data-prop-ids="sentence_51323"><span><i>Id.</i></span></a></span></span> <span data-paragraph-id="51138" data-sentence-id="51439">The rule states that <span>â<span>[p]</span>lain errors or defects affecting substantial rights may be noticed although <span>they</span> were not brought to the attention of <span>the court</span>.â</span></span></p>
<p data-paragraph-id="51593"> <span data-paragraph-id="51593" data-sentence-id="51601">Constitutional errors that occur during a criminal case fall into two classifications: trial errors and structural errors.</span> <span data-paragraph-id="51593" data-sentence-id="51725">Depending upon whether a timely objection was offered, trial errors are subjected to either harmless error or plain error analysis.</span>
<span data-paragraph-id="51593" data-sentence-id="51857"><span><span><a href="/vid/895465411" data-vids="895465411" data-reftype="reporter" data-prop-ids="embeddedsentence_51906,sentence_51725"><i><span>Hodges v. People</span>,</i> <span>158 P.3d 922, 927</span> <span>(<span>Colo.</span><span>2007</span>)</span></a></span> <span>(<span>plain error analysis is used for trial errors</span>)</span><span>;</span>
<span><a href="/vid/895209211" data-vids="895209211" data-reftype="reporter" data-prop-ids="sentence_51725"><i><span>Griego v. People</span>,</i> <span>19 P.3d 1, 7</span> <span>(<span>Colo.</span><span>2001</span>)</span></a></span></span>.</span> <span data-paragraph-id="51593" data-sentence-id="51998">Once identified, structural errors, which are rare, are not amenable to harmless or plain error review.</span> <span data-paragraph-id="51593" data-sentence-id="52102">Rather, because <span>they</span> are intimately related to the fundamental framework of a trial, structural errors require that a conviction be reversed.</span>
<span data-paragraph-id="51593" data-sentence-id="52244"><span><span><a href="/vid/895465411" data-vids="895465411" data-reftype="reporter" data-prop-ids="sentence_52102"><i><span>Hodges</span>,</i> <span>158 P.3d at 927</span></a></span><span>;</span>
<span><a href="/vid/890751806" data-vids="890751806" data-reftype="reporter" data-prop-ids="sentence_52102"><i><span>Blecha v. People</span>,</i> <span>962 P.2d 931, 942</span> <span>(<span>Colo.</span><span>1998</span>)</span></a></span></span>.</span></p>
<p data-paragraph-id="52317"> <span data-paragraph-id="52317" data-sentence-id="52325">Trial errors are those that occur <span>âduring the presentation of <span>the case</span> to the jury, and ... may therefore be quantitatively assessed in the context of other evidence.â</span></span>
<span data-paragraph-id="52317" data-sentence-id="52493"><span><span><a href="/vid/890751806" data-vids="890751806" data-reftype="reporter" data-prop-ids="sentence_52325"><i><span>Blecha</span>,</i> <span>962 P.2d at 942</span></a></span> <span>(<span>quoting</span>
<span><a href="/vid/884588654" data-vids="884588654" data-reftype="reporter" data-prop-ids="sentence_52325"><i><span>Arizona v. Fulminante</span>,</i> <span>499 U.S. 279, 307-08</span>, <span>111 S.Ct. 1246</span>, <span>113 L.Ed.2d 302</span> <span>(<span>1991</span>)</span></a></span>)</span></span>.</span> <span data-paragraph-id="52317" data-sentence-id="52612">When assessing a preserved constitutional trial error for harmlessness, <span>we</span> ask whether <span>âthe guilty verdict actually rendered in this trial was surely unattributable to the error.â</span></span>
<span data-paragraph-id="52317" data-sentence-id="52792"><span><span><a href="/vid/890751806" data-vids="890751806" data-reftype="reporter" data-prop-ids="sentence_52612"><i><span>Blecha</span>,</i> <span>962 P.2d at 942</span></a></span> <span>(<span>quoting</span>
<span><a href="/vid/893290321" data-vids="893290321" data-reftype="reporter" data-prop-ids="sentence_52612"><i><span>Sullivan v. Louisiana</span>,</i> <span>508 U.S. 275, 279</span>, <span>113 S.Ct. 2078</span>, <span>124 L.Ed.2d 182</span> <span>(<span>1993</span>)</span></a></span>)</span></span>.</span> <span data-paragraph-id="52317" data-sentence-id="52908">When determining whether an unpreserved constitutional error was plain, the question <span>we</span> ask, as indicated above, involves evaluating whether the error undermined the trial's fundamental fairness to the point that <span>we</span> seriously doubt the reliability of the conviction.</span>
<span data-paragraph-id="52317" data-sentence-id="53175"><span><a href="/vid/892377007" data-vids="892377007" data-reftype="reporter" data-prop-ids="sentence_52908"><i><span>People v. Miller</span>,</i> <span>113 P.3d 743, 750</span> <span>(<span>Colo.</span><span>2005</span>)</span></a></span>.</span></p>
<p data-paragraph-id="53223"> <span data-paragraph-id="53223" data-sentence-id="53231">It is beyond cavil that, with the exception of death penalty <span>cases</span>, the task of sentencing falls to <span>the trial court</span> after guilt has been determined by either plea or trial.</span>
<span data-paragraph-id="53223" data-sentence-id="53404"><span><span><i>See generally</i></span> <span><a data-reftype="section" data-prop-ids="sentence_53231"><span>Â§Â§ 16-11-102</span></a></span><span>,</span> <span><a data-reftype="section" data-prop-ids="sentence_53231"><span>301</span></a></span><span>,</span> <span><a data-reftype="section" data-prop-ids="sentence_53231"><span>18-1.3-101</span></a></span></span> to -1012, <span><span><a data-reftype="unspecified"><span>C.R.S.2009</span></a></span><span>;</span> <span><a data-reftype="rule"><span>Crim. P. 32</span></a></span></span>.</span> <span data-paragraph-id="53223" data-sentence-id="53483">Because many sentencing errors have no relationship to the presentation of <span>the case</span> to the jury, the trial's fundamental fairness, or the relationship of the guilty verdict to the sentencing error, the foregoing authority prompts me to raise the question whether either harmless error or plain error review applies to sentencing proceedings in which such sentencing errors allegedly occur.</span> <span data-paragraph-id="53223" data-sentence-id="53873">In other words, are such sentencing errors trial errors?</span></p>
<p data-paragraph-id="53929"> <span data-paragraph-id="53929" data-sentence-id="53937">It may be argued that this question is immaterial because <span><a data-reftype="rule" data-prop-ids="sentence_53937"><span>Crim. P. 52<span>(b)</span></span></a></span> is so broad <span data-page_type="bracketed_cite" data-id="pagenumber_54022" data-rep="P.3d" data-vol="231" data-val="54"></span>
 that trial error is merely a subset of the possible errors that can be noticed under the rule.</span> <span data-paragraph-id="53929" data-sentence-id="54119">This conclusion has not yet been reached by our <span>supreme court</span>.</span> <span data-paragraph-id="53929" data-sentence-id="54182">Getting to that point would, I suggest, face some challenges in light of <span>the court</span>'s consistent statement that plain error applies to trial errors.</span>
<span data-paragraph-id="53929" data-sentence-id="54330"><span><i><span>E.g.</span>, </i><span><a href="/vid/895465411" data-vids="895465411" data-reftype="reporter" data-prop-ids="sentence_54182"><i><span>Hodges</span>,</i> <span>158 P.3d at 927</span></a></span></span>.</span></p>
<p data-paragraph-id="54360"> <span data-paragraph-id="54360" data-sentence-id="54368">However, even assuming that trial error is merely a subset of the error that can be reached under <span><a data-reftype="rule" data-prop-ids="sentence_54368"><span>Crim. P. 52<span>(b)</span></span></a></span>, <span>we</span> are, I respectfully submit, still left without a standard of review for assessing sentencing errors that do not involve the propriety of the guilty verdict.</span> <span data-paragraph-id="54360" data-sentence-id="54642">Harmless error is inapposite because, for such errors, <span>we</span> are unconcerned with the jury verdict.</span> <span data-paragraph-id="54360" data-sentence-id="54739">Plain error does not seem to apply because <span>we</span> have no interest in the trial's fundamental fairness.</span></p>
<p data-paragraph-id="54838"> <span data-paragraph-id="54838" data-sentence-id="54846">My research indicates that neither the <span>United States Supreme Court</span> nor our <span>supreme court</span> has directly confronted this issue.</span> <span data-paragraph-id="54838" data-sentence-id="54971">However, I would respectfully submit that
<span><a href="/vid/888419132" data-vids="888419132" data-reftype="reporter" data-prop-ids="sentence_54971"><i><span>Medina v. People</span>,</i> <span>163 P.3d 1136, 1141</span> <span>(<span>Colo.</span><span>2007</span>)</span></a></span>, comes the closest to discussing the dichotomy I analyze here.</span> <span data-paragraph-id="54838" data-sentence-id="55127">On one hand, it provides aid and comfort to the argument that trial errors include sentencing errors because it states, in dicta, that trial error includes constitutional error that occurs <span>âat both trial and sentencing.â</span></span>
<span data-paragraph-id="54838" data-sentence-id="55348"><span><a href="/vid/888419132" data-vids="888419132" data-reftype="ibid" data-prop-ids="sentence_55127"><span><i>Id.</i> at 1141</span></a></span>.</span> <span data-paragraph-id="54838" data-sentence-id="55361">This statement was made based on a citation to a federal case,
<span><a href="/vid/893182301" data-vids="893182301" data-reftype="reporter" data-prop-ids="sentence_55361"><i><span>United States v. Stevens</span>,</i> <span>223 F.3d 239, 244</span> <span>(<span>3d Cir.</span><span>2000</span>)</span></a></span>, which made the identical statement, citing, in turn, to
<i><span><a href="/vid/884588654" data-vids="884588654" data-reftype="citeless" data-prop-ids="sentence_55361"><span>Fulminante</span></a></span>.</i></span> <span data-paragraph-id="54838" data-sentence-id="55553">In
<i><span><a href="/vid/884588654" data-vids="884588654" data-reftype="citeless" data-prop-ids="sentence_55553"><span>Fulminante</span></a></span>,</i> the error in sentencing was inextricably interwoven with an error that occurred at trial.</span></p>
<p data-paragraph-id="55658"> <span data-paragraph-id="55658" data-sentence-id="55666">On the other hand,
<span><a href="/vid/888419132" data-vids="888419132" data-reftype="citeless" data-prop-ids="sentence_55666"><span><i>Medina</i></span></a></span> provides support for my position, too, because it states that the basis for deciding whether to apply harmless or structural error depends upon <span>âthe effect the error had on the guilty verdict in <span>the case</span>.â</span></span>
<span data-paragraph-id="55658" data-sentence-id="55899"><span><a href="/vid/888419132" data-vids="888419132" data-reftype="reporter" data-prop-ids="sentence_55666"><i><span>Medina</span>,</i> <span>163 P.3d at 1141</span></a></span>.</span> <span data-paragraph-id="55658" data-sentence-id="55925">Because <span>the trial court</span> there entered a conviction different from the one returned by the jury, the error was structural, but because the error was <span>âconfined to the sentencing proceedings <span>[it did]</span> not affect the jury's guilty verdict.â</span></span>
<span data-paragraph-id="55658" data-sentence-id="56161"><span><a href="/vid/888419132" data-vids="888419132" data-reftype="ibid" data-prop-ids="sentence_55925"><span><i>Id.</i> at 1141-42</span></a></span>.</span> <span data-paragraph-id="55658" data-sentence-id="56177">I therefore contend that, if the basis for deciding whether to employ harmless error or structural error depends upon the error's effect on the guilty verdict, then, by a parity of reasoning, the basis for deciding whether to use plain error likewise depends upon the effect of the error on the guilty verdict.</span></p>
<p data-paragraph-id="56487"> <span data-paragraph-id="56487" data-sentence-id="56495">I also recognize that other divisions of <span>this court</span> have assumed that plain error review applies to sentencing proceedings, but have not engaged in an analysis of the questions I raise here.</span>
<span data-paragraph-id="56487" data-sentence-id="56686"><span><i><span>See, e.g.</span>, </i>
<span><a href="/vid/887393976" data-vids="887393976" data-reftype="reporter" data-prop-ids="sentence_56495"><i><span>People v. Banark</span>,</i> <span>155 P.3d 609, 611</span> <span>(<span>Colo.App.</span><span>2007</span>)</span></a></span><span>;</span>
<span><a href="/vid/887633051" data-vids="887633051" data-reftype="reporter" data-prop-ids="sentence_56495"><i><span>People v. Elie</span>,</i> <span>148 P.3d 359, 366</span> <span>(<span>Colo.App.</span><span>2006</span>)</span></a></span></span>.</span> <span data-paragraph-id="56487" data-sentence-id="56802">However, because many of <span>these cases</span>, including
<span><span><a href="/vid/887393976" data-vids="887393976" data-reftype="citeless" data-prop-ids="sentence_56802"><span><i>Banark</i></span></a></span> and
<span><a href="/vid/887633051" data-vids="887633051" data-reftype="citeless" data-prop-ids="sentence_56802"><span><i>Elie</i></span></a></span></span>, involve claims based on error arising from
<span><span><span><a href="/vid/888347324" data-vids="888347324" data-reftype="reporter" data-prop-ids="sentence_56802"><i><span>Blakely v. Washington</span>,</i> <span>542 U.S. 296</span>, <span>124 S.Ct. 2531</span>, <span>159 L.Ed.2d 403</span> <span>(<span>2004</span>)</span></a></span>, <span>and</span>
<span><a href="/vid/884573420" data-vids="884573420" data-reftype="reporter" data-prop-ids="sentence_56802"><i><span>Apprendi v. New Jersey</span>,</i> <span>530 U.S. 466, 490</span>, <span>120 S.Ct. 2348</span>, <span>147 L.Ed.2d 435</span> <span>(<span>2000</span>)</span></a></span></span></span>, I contend that these claims are inseparably tied to an error that occurred at trial.</span>
<span data-paragraph-id="56487" data-sentence-id="57162"><span><i><span>See</span> </i>
<span><a data-prop-ids="embeddedsentence_57228,sentence_56802" data-reftype="reporter" data-refglobal="case:unitedstatesvvazquez,no99-3845,2001wl1188250,at33dciroct9,2001enbanc"><i><span>United States v. Vazquez</span>,</i> <span>271 F.3d 93, 101-02</span> <span>(<span>3d Cir.</span><span>2001</span>)</span></a></span> <span>(<span>
<span><span><a href="/vid/884573420" data-vids="884573420" data-reftype="citeless" data-prop-ids="sentence_56802"><span><i>Apprendi</i></span></a></span> <span>error</span></span> consists of a trial error-<span>âfailing to submit an element of the offense to the juryâ</span>-and a sentencing error-<span>âimposing a sentence beyond the prescribed statutory maximumâ</span></span>)</span></span>.</span></p>
<p data-paragraph-id="57414"> <span data-paragraph-id="57414" data-sentence-id="57422">Even assuming, for purposes of argument, that I found sufficient precedent to extend plain error review to sentencing errors unconnected to the propriety of the guilty verdict, I would remain stymied in <span>this case</span>.</span> <span data-paragraph-id="57414" data-sentence-id="57636">It appears to me that, once <span>an appellate court</span> concludes that one of the unpreserved errors the majority analyzes in <span><a data-reftype="section" data-prop-ids="sentence_57636"><span>section IV</span></a></span> has occurred, the remedy is automatic.</span>
<span data-paragraph-id="57414" data-sentence-id="57803"><span><span><i>See</i></span> <span><a data-reftype="unspecified" data-prop-ids="embeddedsentence_57837,sentence_57636"><span>Â§ 18-1-408<span>(1)</span><span>(a)</span>, C.R.S.2009</span></a></span> <span>(<span>a <span>defendant</span> may not be convicted of more than one offense if <span>âone offense is included in the otherâ</span></span>)</span><span>;</span>
<span><a href="/vid/895149958" data-vids="895149958" data-reftype="reporter" data-prop-ids="embeddedsentence_57991,sentence_57636"><i><span>People v. Simon</span>,</i> <span>219 P.3d 789, 793</span> <span>(<span>Colo.App.</span><span>2009</span>)</span></a></span> <span>(<span>consecutive sentences vacated and case remanded for resentencing</span>)</span><span>;</span>
<span><a href="/vid/887134297" data-vids="887134297" data-reftype="reporter" data-prop-ids="embeddedsentence_58113,sentence_57636"><i><span>People v. Mintz</span>,</i> <span>165 P.3d 829, 835-36</span> <span>(<span>Colo.App.</span><span>2007</span>)</span></a></span> <span>(<span>because <span>court</span> could not determine from an analysis of the evidence and the counts whether there was more than one offense, division vacated sentence, and remanded for resentencing based on merging of convictions</span>)</span><span>;</span>
<span><a href="/vid/893738244" data-vids="893738244" data-reftype="reporter" data-prop-ids="embeddedsentence_58393,sentence_57636"><i><span>People v. Delgado-Elizarras</span>,</i> <span>131 P.3d 1110, 1113</span> <span>(<span>Colo.App.</span><span>2005</span>)</span></a></span> <span>(<span>because conviction of a greater offense precludes conviction of a lesser offense based on the same <span data-page_type="bracketed_cite" data-id="pagenumber_58492" data-rep="P.3d" data-vol="231" data-val="55"></span>
 conduct, division vacated conviction for lesser offense</span>)</span></span>.</span></p>
<p data-paragraph-id="58551"> <span data-paragraph-id="58551" data-sentence-id="58559">If such errors, once identified, require an automatic remedy, the question must be raised whether the proper standard of review for them is structural error, not plain error.</span> <span data-paragraph-id="58551" data-sentence-id="58734">Although I am not prepared to conclude now, or necessarily in the future, that the errors at issue here are structural, <span>they</span> seem to share with structural errors the attribute of an automatic remedy.</span> <span data-paragraph-id="58551" data-sentence-id="58934">If so, then plain error analysis is inapposite.</span>
<span data-paragraph-id="58551" data-sentence-id="58982"><span><i><span>See</span> </i>
<span><a href="/vid/895209211" data-vids="895209211" data-reftype="reporter" data-prop-ids="embeddedsentence_59009,sentence_58934"><i><span>Griego</span>,</i> <span>19 P.3d at 7</span></a></span> <span>(<span>structural errors are not amenable to plain error review</span>)</span><span>;</span>
<span><a href="/vid/886341894" data-vids="886341894" data-reftype="reporter" data-prop-ids="embeddedsentence_59121,sentence_58934"><i><span>Bogdanov v. People</span>,</i> <span>941 P.2d 247, 252-53</span> <span>(<span>Colo.</span><span>1997</span>)</span></a></span> <span><span>(<span>âStructural errors are not amenable to either a harmless error or a plain error analysis because such errors affect <span>âthe framework within which the trial proceeds,â</span> and are not errors in the trial process itself.â</span></span> <span><span>(<span>quoting</span>
<span><a href="/vid/884588654" data-vids="884588654" data-reftype="reporter" data-prop-ids="sentence_58934"><i><span>Fulminante</span>,</i> <span>499 U.S. at 310</span>, <span>111 S.Ct. 1246</span></a></span>)</span>)</span></span>,
<i><span>overruled on other grounds by</span> </i>
<span><a href="/vid/895209211" data-vids="895209211" data-reftype="reporter" data-prop-ids="sentence_58934"><i><span>Griego</span>,</i> <span>19 P.3d at 7-8</span></a></span><span>;</span>
<span><a href="/vid/893545406" data-vids="893545406" data-reftype="reporter" data-prop-ids="embeddedsentence_59501,sentence_58934"><i><span>People v. Jimenez</span>,</i> <span>217 P.3d 841, 868</span> <span>(<span>Colo.App.</span><span>2008</span>)</span></a></span> <span><span>(<span>âIf an error is structural, it is not susceptible of harmless error or plain error review.â</span></span> <span><span>(<span>citing</span>
<span><span><a href="/vid/888740676" data-vids="888740676" data-reftype="reporter" data-prop-ids="sentence_58934"><i><span>People v. Dunlap</span>,</i> <span>975 P.2d 723, 736-37</span> <span>(<span>Colo.</span><span>1999</span>)</span></a></span>, <span>and</span>
<span><a href="/vid/886341894" data-vids="886341894" data-reftype="citeless" data-prop-ids="sentence_58934"><span><i>Bogdanov</i></span></a></span></span>)</span>)</span></span><span>;</span>
<span><a href="/vid/895279970" data-vids="895279970" data-reftype="reporter" data-prop-ids="embeddedsentence_59716,sentence_58934"><i><span>State v. Cruz</span>,</i> <span>122 P.3d 543, 549</span> <span>(<span>Utah</span> <span>2005</span>)</span></a></span> <span>(<span>because <span>they</span> affect the very framework of the trial, structural errors are not subject to plain error analysis</span>)</span><span>;</span>
<i><span>but see</span> </i>
<span><a href="/vid/893202008" data-vids="893202008" data-reftype="reporter" data-prop-ids="sentence_58934"><i><span>Johnson v. United States</span>,</i> <span>520 U.S. 461, 466</span>, <span>117 S.Ct. 1544</span>, <span>137 L.Ed.2d 718</span> <span>(<span>1997</span>)</span></a></span></span> (indicating that structural errors are subject to plain error review when the error does not <span>âseriously affect<span>[ ]</span> the fairness, integrity, or public reputation of judicial proceedingsâ</span> <span><span>(<span>quoting</span>
<span><a href="/vid/891746006" data-vids="891746006" data-reftype="reporter"><i><span>United States v. Atkinson</span>,</i> <span>297 U.S. 157, 160</span>, <span>56 S.Ct. 391</span>, <span>80 L.Ed. 555</span> <span>(<span>1936</span>)</span></a></span>)</span><span>;</span>
<span><a href="/vid/894178590" data-vids="894178590" data-reftype="reporter" data-prop-ids="embeddedsentence_60276"><i><span>United States v. Fazal-Ur-Raheman-Fazal</span>,</i> <span>355 F.3d 40, 48 n. 5</span> <span>(<span>1st Cir.</span><span>2004</span>)</span></a></span> <span>(<span>plain error analysis applies to structural errors</span>)</span></span>.</span></p>
<p data-paragraph-id="60327"> <span data-paragraph-id="60327" data-sentence-id="60335">There is no need to decide whether the error is obvious or substantial; whether the trial's fundamental fairness was undermined; or whether the undermining was so significant that <span>we</span> doubt the conviction's reliability.</span> <span data-paragraph-id="60327" data-sentence-id="60556"><span>We</span> simply impose the remedy.</span></p>
</div>
<div>
<section data-value="III. Colorado's History" data-specifier="III" data-ordinal_end="3" data-content-heading-label="III. Colorado's History" data-parsed="true" data-ordinal_start="3" data-id="heading_60584" id="heading_60584" data-format="upper_case_roman_numeral"><span data-paragraph-id="60584"><span data-paragraph-id="60584" data-sentence-id="60584">III.</span> <span data-paragraph-id="60584" data-sentence-id="60589">Colorado's History</span></span></section><p data-paragraph-id="60607"> <span data-paragraph-id="60607" data-sentence-id="60615">In
<span><a href="/vid/893294272" data-vids="893294272" data-reftype="reporter" data-prop-ids="sentence_60615"><i><span>People v. Cagle</span>,</i> <span>751 P.2d 614, 619</span> <span>(<span>Colo.</span><span>1988</span>)</span></a></span>, our <span>supreme court</span> stated that <span>â<span>[i]</span>t is axiomatic that <span>this court</span> will not consider constitutional issues raised for the first time on appeal.â</span></span> <span data-paragraph-id="60607" data-sentence-id="60810">That statement was made in the course of analyzing whether <span>a defendant</span> had preserved for appeal an argument that <span>a statute</span> was unconstitutional.</span> <span data-paragraph-id="60607" data-sentence-id="60955">Thus,
<span><a href="/vid/893294272" data-vids="893294272" data-reftype="citeless" data-prop-ids="sentence_60955"><span><i>Cagle</i></span></a></span> is, at the very least, an expression of the unexceptional and well-established idea that the constitutionality of <span>statutes</span> will not be addressed for the first time on appeal.</span>
<span data-paragraph-id="60607" data-sentence-id="61143"><span><i><span>See</span> </i>
<span><a href="/vid/891063660" data-vids="891063660" data-reftype="reporter" data-prop-ids="sentence_60955"><i><span>People v. Lesney</span>,</i> <span>855 P.2d 1364, 1366</span> <span>(<span>Colo.</span><span>1993</span>)</span></a></span></span>.</span> <span data-paragraph-id="60607" data-sentence-id="61199">This includes allegations that <span>statutes</span> are unconstitutional as applied.</span>
<span data-paragraph-id="60607" data-sentence-id="61272"><span><a href="/vid/893421592" data-vids="893421592" data-reftype="reporter" data-prop-ids="sentence_61199"><i><span>People v. Veren</span>,</i> <span>140 P.3d 131, 140</span> <span>(<span>Colo.App.</span><span>2005</span>)</span></a></span>.</span> <span data-paragraph-id="60607" data-sentence-id="61324">Therefore, it is my belief that plain error review in Colorado does not encompass unpreserved constitutional attacks on <span>statutes</span>.</span></p>
<p data-paragraph-id="61453"> <span data-paragraph-id="61453" data-sentence-id="61461">Further, <span>the supreme court</span> has cited
<span><a href="/vid/893294272" data-vids="893294272" data-reftype="citeless" data-prop-ids="sentence_61461"><span><i>Cagle</i></span></a></span> as a basis for concluding that <span>a defendant</span> <span>âmay only raise the improper denial of his constitutional right to a speedy trial on appeal if <span>he</span> raised it first in <span>the trial court</span>.â</span></span>
<span data-paragraph-id="61453" data-sentence-id="61683"><span><span><a href="/vid/889439312" data-vids="889439312" data-reftype="reporter" data-prop-ids="sentence_61461"><i><span>People v. McMurtry</span>,</i> <span>122 P.3d 237, 241</span> <span>(<span>Colo.</span><span>2005</span>)</span></a></span><span>;</span>
<i><span>accord</span> </i>
<span><a href="/vid/895622236" data-vids="895622236" data-reftype="reporter" data-prop-ids="sentence_61461"><i><span>People v. Scialabba</span>,</i> <span>55 P.3d 207, 209-10</span> <span>(<span>Colo.App.</span><span>2002</span>)</span></a></span></span>.</span> <span data-paragraph-id="61453" data-sentence-id="61800">In addition to <span>the cases</span> cited by the majority in which divisions of <span>this court</span> have relied upon
<span><a href="/vid/893294272" data-vids="893294272" data-reftype="citeless" data-prop-ids="sentence_61800"><span><i>Cagle</i></span></a></span> to conclude that double jeopardy claims should not be considered for the first time on appeal, other divisions have cited
<span><a href="/vid/893294272" data-vids="893294272" data-reftype="citeless" data-prop-ids="sentence_61800"><span><i>Cagle</i></span></a></span> as the basis for declining to review unpreserved allegations that:</span></p>
<div>
<blockquote data-paragraph-id="b_62099">
<span data-sentence-id="62099">â¢ <span>The defendant</span>'s due process rights were violated when <span>he</span> was denied an evidentiary concerning his termination from a community corrections facility.</span>
<span data-sentence-id="62250"><span><span><a href="/vid/888635836" data-vids="888635836" data-reftype="reporter" data-prop-ids="sentence_62099"><i><span>People v. Kitsmiller</span>,</i> <span>74 P.3d 376, 378</span> <span>(<span>Colo.App.</span><span>2002</span>)</span></a></span><span>;</span></span></span>
</blockquote>
<blockquote data-paragraph-id="b_62305">
<span data-sentence-id="62305">â¢ <span>The defendant</span> should be given a remand for an extended proportionality review.</span>
<span data-sentence-id="62386"><span><span><a href="/vid/890221211" data-vids="890221211" data-reftype="reporter" data-prop-ids="sentence_62386"><i><span>People v. Collie</span>,</i> <span>995 P.2d 765, 775</span> <span>(<span>Colo.App.</span><span>1999</span>)</span></a></span><span>;</span></span> and</span>
</blockquote>
<blockquote data-paragraph-id="b_62443">
<span data-sentence-id="62443">â¢ The <span><a data-reftype="rule" data-prop-ids="sentence_62443"><span>Colorado Constitution</span></a></span> provides broader protection in a particular area than the <span><a data-reftype="rule" data-prop-ids="sentence_62443"><span>Fourth Amendment</span></a></span>.</span>
<span data-sentence-id="62547"><span><a href="/vid/888012447" data-vids="888012447" data-reftype="reporter" data-prop-ids="sentence_62443"><i><span>People v. Oynes</span>,</i> <span>920 P.2d 880, 883</span> <span>(<span>Colo.App.</span><span>1996</span>)</span></a></span>.</span>
</blockquote>
</div>
<p data-paragraph-id="62598"> <span data-paragraph-id="62598" data-sentence-id="62606">It is, therefore, clear to me that, in Colorado at least, there are some unpreserved constitutional errors to which plain error review does not apply.</span> <span data-paragraph-id="62598" data-sentence-id="62757">Thus, relying on
<i><span><a href="/vid/887288200" data-vids="887288200" data-reftype="citeless" data-prop-ids="sentence_62757"><span>Lewis</span></a></span>,</i> a federal case that appears to reflect the <span data-page_type="bracketed_cite" data-id="pagenumber_62825" data-rep="P.3d" data-vol="231" data-val="56"></span>
 broader <span>proposition</span> that <span>â<span>[t]</span>here would seem to be no error to which plain error review would not apply,â</span> would not be consistent with Colorado's approach.</span></p>
<p data-paragraph-id="62982"> <span data-paragraph-id="62982" data-sentence-id="62990">Further, the double jeopardy issues the majority analyzes here are substantially the same as unpreserved unconstitutional-as-applied arguments another division refused to consider on direct appeal, based on a full trial record.</span>
<span data-paragraph-id="62982" data-sentence-id="63218"><span><a href="/vid/888666556" data-vids="888666556" data-reftype="reporter" data-prop-ids="sentence_62990"><i><span>People v. Cooper</span>,</i> <span>205 P.3d 475, 477-78</span> <span>(<span>Colo.App.</span><span>2008</span>)</span></a></span>.</span> <span data-paragraph-id="62982" data-sentence-id="63274">As
<span><a href="/vid/893421592" data-vids="893421592" data-reftype="citeless" data-prop-ids="sentence_63274"><span><i>Veren</i></span></a></span> points out, <span>âit is imperative that <span>the trial court</span> make some factual record that indicates what causes <span>the statute</span> to be unconstitutional as applied.â</span></span> <span data-paragraph-id="62982" data-sentence-id="63435"><span><a href="/vid/893421592" data-vids="893421592" data-reftype="reporter" data-prop-ids="sentence_63274"><span>140 P.3d at 140</span></a></span>.</span> <span data-paragraph-id="62982" data-sentence-id="63452">I can see no principled reason for requiring <span>a trial court</span> to make a factual record to demonstrate to <span>us</span> why <span>a statute</span> has been unconstitutionally applied, but obviating that requirement when the issue is, as here, whether <span>a defendant</span>'s sentence violates double jeopardy principles.</span></p>
</div>
<div>
<section data-value="IV. Consequences of Expanding Plain Error Review" data-specifier="IV" data-ordinal_end="4" data-content-heading-label="IV. Consequences of Expanding Plain Error Review" data-parsed="true" data-ordinal_start="4" data-id="heading_63734" id="heading_63734" data-format="upper_case_roman_numeral"><span data-paragraph-id="63734"><span data-paragraph-id="63734" data-sentence-id="63734">IV.</span> <span data-paragraph-id="63734" data-sentence-id="63738">Consequences of Expanding Plain Error Review</span></span></section><div>
<section data-value="A. Unintended Consequences" data-specifier="A" data-ordinal_end="1" data-content-heading-label="A. Unintended Consequences" data-parsed="true" data-ordinal_start="1" data-id="heading_63782" id="heading_63782" data-format="upper_case_letters"><span data-paragraph-id="63782"><span data-paragraph-id="63782" data-sentence-id="63782">A.</span> <span data-paragraph-id="63782" data-sentence-id="63785">Unintended Consequences</span></span></section><div>
<section data-value="1. Definition of Plain Error" data-specifier="1" data-ordinal_end="1" data-content-heading-label="1. Definition of Plain Error" data-parsed="true" data-ordinal_start="1" data-id="heading_63808" id="heading_63808" data-format="number"><span data-paragraph-id="63808"><span data-paragraph-id="63808" data-sentence-id="63808">1.</span> <span data-paragraph-id="63808" data-sentence-id="63811">Definition of Plain Error</span></span></section><p data-paragraph-id="63836"> <span data-paragraph-id="63836" data-sentence-id="63844">The plain error review conducted by <span>federal courts</span>, such as in
<i><span><a href="/vid/887288200" data-vids="887288200" data-reftype="citeless" data-prop-ids="sentence_63844"><span>Lewis</span></a></span>,</i> may be palpably different from the plain error review standard that Colorado employs.</span> <span data-paragraph-id="63836" data-sentence-id="64001">In Colorado, to be plain error, the error must be obvious and substantial.</span> <span data-paragraph-id="63836" data-sentence-id="64076"><span>We</span> ask whether the error <span>âso undermined the fundamental fairness of the trial itself ... as to cast serious doubt on the reliability of the judgment of conviction.â</span></span>
<span data-paragraph-id="63836" data-sentence-id="64241"><span><span><a href="/vid/892377007" data-vids="892377007" data-reftype="reporter" data-prop-ids="sentence_64076"><i><span>Miller</span>,</i> <span>113 P.3d at 750</span></a></span> <span>(<span>quoting</span>
<span><a href="/vid/888188316" data-vids="888188316" data-reftype="reporter" data-prop-ids="sentence_64076"><i><span>People v. Sepulveda</span>,</i> <span>65 P.3d 1002, 1006</span> <span>(<span>Colo.</span><span>2003</span>)</span></a></span>)</span></span>.</span></p>
<p data-paragraph-id="64327"> <span data-paragraph-id="64327" data-sentence-id="64335">The federal standard is, at least on its face, different.</span> <span data-paragraph-id="64327" data-sentence-id="64393">It has four parts, as explained in
<span><a href="/vid/893230940" data-vids="893230940" data-reftype="reporter" data-prop-ids="sentence_64393"><i><span>United States v. Olano</span>,</i> <span>507 U.S. 725, 732-37</span>, <span>113 S.Ct. 1770</span>, <span>123 L.Ed.2d 508</span> <span>(<span>1993</span>)</span></a></span>.</span> <span data-paragraph-id="64327" data-sentence-id="64515">First, was there error?</span> <span data-paragraph-id="64327" data-sentence-id="64539">Second, was the error plain?</span> <span data-paragraph-id="64327" data-sentence-id="64568">Third, did the error affect substantial rights?</span> <span data-paragraph-id="64327" data-sentence-id="64616">Fourth, because review under <span><a data-reftype="rule" data-prop-ids="sentence_64616"><span>Fed.R.Crim.P. 52<span>(b)</span></span></a></span> is permissive, not mandatory, the <span>United States Supreme Court</span> has stated that a plain error should only be corrected when it <span>âseriously affect<span>[s]</span> the fairness, integrity or public reputation of judicial proceedings.â</span></span>
<span data-paragraph-id="64327" data-sentence-id="64882"><span><span><a href="/vid/893230940" data-vids="893230940" data-reftype="reporter" data-prop-ids="sentence_64616"><span><i>Id.</i> at 736</span>, <span>113 S.Ct. 1770</span></a></span> <span>(<span>quoting</span>
<span><a href="/vid/891746006" data-vids="891746006" data-reftype="reporter" data-prop-ids="sentence_64616"><i><span>Atkinson</span>,</i> <span>297 U.S. at 160</span>, <span>56 S.Ct. 391</span></a></span>)</span></span>.</span> <span data-paragraph-id="64327" data-sentence-id="64960">The sorts of errors that justify relief in the fourth step include, but are not limited to, errors that result in a miscarriage of justice, meaning that the errors led to the conviction of <span>a defendant</span> who is actually innocent.</span>
<span data-paragraph-id="64327" data-sentence-id="65187"><span><a href="/vid/893230940" data-vids="893230940" data-reftype="reporter" data-prop-ids="sentence_64960"><i><span>Olano</span>,</i> <span>507 U.S. at 736</span>, <span>113 S.Ct. 1770</span></a></span>.</span></p>
<p data-paragraph-id="65226"> <span data-paragraph-id="65226" data-sentence-id="65234">The fourth step is critical in the federal system.</span> <span data-paragraph-id="65226" data-sentence-id="65285">Even a plain error affecting a substantial right will not be corrected in the federal system unless the reviewing <span>court</span> determines, in the exercise of its discretion, that the fourth step has been met, <span>âfor otherwise the discretion afforded by <span>[<span><a data-reftype="rule" data-prop-ids="sentence_65285"><span>Fed.R.Crim.P. 52<span>(b)</span></span></a></span> ]</span> would be illusory.â</span></span>
<span data-paragraph-id="65226" data-sentence-id="65572"><span><a href="/vid/893230940" data-vids="893230940" data-reftype="reporter" data-prop-ids="sentence_65285"><i><span>Olano</span>,</i> <span>507 U.S. at 737</span>, <span>113 S.Ct. 1770</span></a></span>.</span> <span data-paragraph-id="65226" data-sentence-id="65612">As a result, some <span>federal courts</span> have found that plain error exists, but have decided not to correct it.</span>
<span data-paragraph-id="65226" data-sentence-id="65717"><span><i><span>See, e.g.</span>, </i>
<span><a href="/vid/888865945" data-vids="888865945" data-reftype="reporter" data-prop-ids="sentence_65612"><i><span>United States v. Johnson</span>,</i> <span>219 F.3d 349, 354</span> <span>(<span>4th Cir.</span><span>2000</span>)</span></a></span></span>.</span></p>
<p data-paragraph-id="65788"> <span data-paragraph-id="65788" data-sentence-id="65796">It is unclear whether Colorado's formulation of the plain error test, as described in
<i><span><a href="/vid/892377007" data-vids="892377007" data-reftype="citeless" data-prop-ids="sentence_65796"><span>Miller</span></a></span>,</i> incorporates the fourth component of the federal test.</span> <span data-paragraph-id="65788" data-sentence-id="65946">On one hand, one commentator has suggested that Colorado's test folds the third and fourth parts of the
<span><a href="/vid/893230940" data-vids="893230940" data-reftype="citeless" data-prop-ids="sentence_65946"><span><i>Olano</i></span></a></span> formulation together.</span>
<span data-paragraph-id="65788" data-sentence-id="66079"><span><span><i>See</i></span> <span><a data-prop-ids="sentence_65946" data-reftype="reporter" data-refglobal="case:johndseidel,standardsofappellatereviewinstateversusfederalcourts,35cololaw43,51apr2006"><span>John D. Seidel,
<i>Standards of Appellate Review in State Versus Federal Courts</i></span>, <span>35 Colo. Law. 43, 51</span> <span>(<span>Apr.2006</span>)</span></a></span></span>.</span></p>
<p data-paragraph-id="66194"> <span data-paragraph-id="66194" data-sentence-id="66202">On the other hand, I cannot find any case in which our <span>supreme court</span> has discussed the discretionary aspect of
<span><a href="/vid/893230940" data-vids="893230940" data-reftype="citeless" data-prop-ids="sentence_66202"><span><i>Olano</i></span></a></span>'s fourth step or whether <span><a data-reftype="rule" data-prop-ids="sentence_66202"><span>Crim. P. 52<span>(b)</span></span></a></span> contains a discretionary component that would be applied in the manner described in
<i><span><a href="/vid/893230940" data-vids="893230940" data-reftype="citeless" data-prop-ids="sentence_66202"><span>Olano</span></a></span>.</i></span></p>
<p data-paragraph-id="66451"> <span data-paragraph-id="66451" data-sentence-id="66459">The discretionary aspect of the fourth step is important.</span> <span data-paragraph-id="66451" data-sentence-id="66517">For example, the <span>United States Supreme Court</span> has employed it to conclude that it need not resolve whether the error affected substantial rights because, even assuming that <span>a defendant</span>'s substantial rights were affected, <span>he</span> or <span>she</span> would be denied relief because the error did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings.</span>
<span data-paragraph-id="66451" data-sentence-id="66888"><span><span><a href="/vid/889354486" data-vids="889354486" data-reftype="reporter" data-prop-ids="sentence_66517"><i><span>United States v. Cotton</span>,</i> <span>535 U.S. 625, 632-33</span>, <span>122 S.Ct. 1781</span>, <span>152 L.Ed.2d 860</span> <span>(<span>2002</span>)</span></a></span><span>;</span>
<span><a href="/vid/893202008" data-vids="893202008" data-reftype="reporter" data-prop-ids="sentence_66517"><i><span>Johnson</span>,</i> <span>520 U.S. at 469</span>, <span>117 S.Ct. 1544</span></a></span></span>.</span> <span data-paragraph-id="66451" data-sentence-id="67017">I know of no <span>Colorado Supreme Court</span> case that has taken this approach.<span data-page_type="bracketed_cite" data-id="pagenumber_67087" data-rep="P.3d" data-vol="231" data-val="57"></span></span></p>
<p data-paragraph-id="67087">
 <span data-paragraph-id="67087" data-sentence-id="67097">If <span>we</span> are going to expand the scope of our plain error review based on federal authority, I wonder whether <span>we</span> are also importing <span>the <span>federal courts</span>' view</span> of the fourth step of plain error review.</span> <span data-paragraph-id="67087" data-sentence-id="67293">This concern is not idle because at least one <span>federal court</span> used the fourth step to resolve an unpreserved double jeopardy claim.</span> <span data-paragraph-id="67087" data-sentence-id="67423">In
<span><a data-prop-ids="sentence_67423" data-reftype="reporter" data-refglobal="case:unitedstatesvdanson,115fedappx486,4882dcir2004"><i><span>United States v. Danson</span>,</i> <span>115 Fed.Appx. 486, 488</span> <span>(<span>2d Cir.</span><span>2004</span>)</span></a></span>, <span>a case</span> involving an unpreserved double jeopardy argument that the indictment was multiplicitous because it charged the same crime in different counts, <span>the court</span> resolved this issue by applying the fourth
<span><a href="/vid/893230940" data-vids="893230940" data-reftype="citeless" data-prop-ids="sentence_67423"><span><i>Olano</i></span></a></span> step.</span> <span data-paragraph-id="67087" data-sentence-id="67707"><span>The court</span> concluded that, <span>â<span>[b]</span>ecause erroneous multiplicity, if any, in the indictment did not affect <span>[the <span>defendant</span>'s]</span> term of imprisonment, any error did not seriously affect the fairness of the proceedings below.â</span></span> <span data-paragraph-id="67087" data-sentence-id="67924"><span><a data-prop-ids="sentence_67707" data-reftype="reporter" data-refglobal="case:unitedstatesvdanson,115fedappx486,4882dcir2004"><span>115 Fed.Appx. at 488</span></a></span>.</span></p>
<p data-paragraph-id="67945"> <span data-paragraph-id="67945" data-sentence-id="67953">Interpreting our plain error standard congruently with the federal four-step approach could be beneficial.</span> <span data-paragraph-id="67945" data-sentence-id="68060">First, the four-step analysis would allow <span>Colorado courts</span> to apply helpful and persuasive federal authority.</span> <span data-paragraph-id="67945" data-sentence-id="68169">Second, the use of the four-step analysis could lessen some of my concerns about the expansion of plain error review because the four-step test allows reviewing <span>courts</span> to apply a discretionary brake on the review of unpreserved errors that do not threaten the integrity, fairness, or public reputation of our judicial system.</span> <span data-paragraph-id="67945" data-sentence-id="68495">This brake would conserve limited judicial resources, much in the manner that the use of
<span><a href="/vid/893294272" data-vids="893294272" data-reftype="citeless" data-prop-ids="sentence_68495"><span><i>Cagle</i></span></a></span> conserves them.</span></p>
<p data-paragraph-id="68606"> <span data-paragraph-id="68606" data-sentence-id="68614">However, because of the apparent differences between our plain error standard and its federal counterpart, federal four-step authority is not necessarily helpful or persuasive.</span> <span data-paragraph-id="68606" data-sentence-id="68791">Further, a decision employing the discretionary fourth step to decline to review an issue may be reversed because our <span>supreme court</span> determines that the fourth step does not exist in Colorado.</span> <span data-paragraph-id="68606" data-sentence-id="68983">Therefore, unless and until our <span>supreme court</span> informs <span>us</span> that Colorado's plain error standard is congruent with the federal four-step approach, I respectfully suggest that using federal <span>cases</span> to expand the types of errors <span>we</span> review for plain error risks muddying, rather than clarifying, our plain error jurisprudence.</span></p>
</div>
<div>
<section data-ordinal_start="2" data-specifier="2" data-ordinal_end="2" data-content-heading-label="2. Habeas Corpus Review" data-value="2. Habeas Corpus Review" data-parsed="true" data-id="heading_69301" id="heading_69301" data-confidences="medium" data-format="number" data-types="writ_hc"><span data-paragraph-id="69301"><span data-paragraph-id="69301" data-sentence-id="69301">2.</span> <span data-paragraph-id="69301" data-sentence-id="69304">Habeas Corpus Review</span></span></section><div>
<p data-paragraph-id="69324"> <span data-paragraph-id="69324" data-sentence-id="69332">The <span>Tenth Circuit Court of Appeals</span> has stated that <span>a <span>state court</span>'s analysis</span> of a federal issue under the plain error standard does not act as a procedural bar to federal habeas corpus review.</span>
<span data-paragraph-id="69324" data-sentence-id="69524"><span><i><span>See</span> </i>
<span><a href="/vid/890282169" data-vids="890282169" data-reftype="reporter" data-prop-ids="sentence_69332"><i><span>Cargle v. Mullin</span>,</i> <span>317 F.3d 1196, 1206</span> <span>(<span>10th Cir.</span><span>2003</span>)</span></a></span></span>.</span> <span data-paragraph-id="69324" data-sentence-id="69584">However,</span></p>
<blockquote data-paragraph-id="b_69592">
<span data-sentence-id="69592">a <span>state court</span> could deny relief for what it recognizes or assumes to be federal error, because of <span>the petitioner</span>'s failure to satisfy some independent state law predicate.</span> <span data-sentence-id="69764">In such <span>a case</span>, that non-merits predicate would constitute an independent state ground for decision which would warrant application of procedural-bar principles on federal habeas.</span>
</blockquote>
<p data-paragraph-id="69944"><span data-paragraph-id="69944" data-sentence-id="69944"><span><a href="/vid/890282169" data-vids="890282169" data-reftype="ibid"><span><i>Id.</i></span></a></span></span></p>
</div>
<p data-paragraph-id="69947"> <span data-paragraph-id="69947" data-sentence-id="69955">By extending plain error review to the sorts of errors in <span>this case</span>, <span>we</span> risk eliminating a procedural bar that might be available to prevent federal habeas review of them.</span> <span data-paragraph-id="69947" data-sentence-id="70127">This is so because, without plain error review, the failure to raise a contemporaneous objection can create a procedural bar unless, of course, a habeas <span>petitioner</span> can demonstrate cause for the default and actual prejudice.</span>
<span data-paragraph-id="69947" data-sentence-id="70351"><span><span><a href="/vid/894692234" data-vids="894692234" data-reftype="reporter" data-prop-ids="sentence_70127"><i><span>United States v. Wiseman</span>,</i> <span>297 F.3d 975, 979-80</span> <span>(<span>10th Cir.</span><span>2002</span>)</span></a></span><span>;</span>
<i><span>see also</span> </i>
<span><a href="/vid/895443912" data-vids="895443912" data-reftype="reporter" data-prop-ids="embeddedsentence_70480,sentence_70127"><i><span>McCracken v. Gibson</span>,</i> <span>268 F.3d 970, 976</span> <span>(<span>10th Cir.</span><span>2001</span>)</span></a></span> <span><span>(<span>â<span>We</span> will not consider issues on habeas review <span>âthat have been defaulted in <span>state court</span> on an independent and adequate state procedural ground, unless <span>the petitioner</span> can demonstrate cause and prejudice or a fundamental miscarriage of justice.â</span> â</span></span> <span><span>(<span>quoting</span>
<span><a href="/vid/889920341" data-vids="889920341" data-reftype="reporter" data-prop-ids="sentence_70127"><i><span>Smallwood v. Gibson</span>,</i> <span>191 F.3d 1257, 1267</span> <span>(<span>10th Cir.</span><span>1999</span>)</span></a></span>)</span>)</span></span></span>.</span></p>
<p data-paragraph-id="70794"> <span data-paragraph-id="70794" data-sentence-id="70802">I concede that the disagreement in our <span>cases</span> that the majority cites may raise the question whether the procedural default rule in this context has been firmly established and regularly followed, thereby undercutting its efficacy as an independent and adequate state procedural grounds.</span>
<span data-paragraph-id="70794" data-sentence-id="71089"><span><i><span>See</span> </i>
<span><a href="/vid/895443912" data-vids="895443912" data-reftype="reporter" data-prop-ids="sentence_70802"><i><span>McCracken v. Gibson</span>,</i> <span>268 F.3d at 976</span></a></span></span>.</span></p>
<p data-paragraph-id="71131"> <span data-paragraph-id="71131" data-sentence-id="71139">However, I contend, nonetheless, that <span>we</span> should not intentionally increase the reach of the plain error rule without a careful understanding of how such an extension would affect our procedural default jurisprudence, and, how, in turn, our jurisprudence would <span data-page_type="bracketed_cite" data-id="pagenumber_71399" data-rep="P.3d" data-vol="231" data-val="58"></span>
 affect federal habeas corpus review.</span> <span data-paragraph-id="71131" data-sentence-id="71438">Depending upon one's viewpoint-defense <span>counsel</span> or <span>prosecutor</span>, for example-eliminating this procedural bar may, or may not, be a good idea.</span> <span data-paragraph-id="71131" data-sentence-id="71577">I respectfully submit that <span>we</span> need a full explication of this issue in order to decide whether it is a good idea.</span></p>
</div>
</div>
<div>
<section data-value="B. Other Concerns" data-specifier="B" data-ordinal_end="2" data-content-heading-label="B. Other Concerns" data-parsed="true" data-ordinal_start="2" data-id="heading_71690" id="heading_71690" data-format="upper_case_letters"><span data-paragraph-id="71690"><span data-paragraph-id="71690" data-sentence-id="71690">B.</span> <span data-paragraph-id="71690" data-sentence-id="71693">Other Concerns</span></span></section><p data-paragraph-id="71707"> <span data-paragraph-id="71707" data-sentence-id="71715">As the majority correctly observes, citing
<span><a href="/vid/887652252" data-vids="887652252" data-reftype="reporter" data-prop-ids="sentence_71715"><i><span>People v. Smith</span>,</i> <span>121 P.3d 243, 253</span> <span>(<span>Colo.App.</span><span>2005</span>)</span> <span>(Webb, J., specially concurring)</span></a></span>, requiring <span>defendants</span> to preserve these errors in <span>the trial court</span> before <span>we</span> review them will conserve precious judicial resources.</span> <span data-paragraph-id="71707" data-sentence-id="71974">This is a worthy goal.</span></p>
<p data-paragraph-id="71996"> <span data-paragraph-id="71996" data-sentence-id="72004">By my informal survey, <span>the court of appeals</span> published twenty-two opinions in criminal <span>cases</span> in July and August of this year; five of them contained plain error analysis of at least one issue.</span> <span data-paragraph-id="71996" data-sentence-id="72197">I do not employ this crude figure to argue that <span>we</span> face plain error analysis in twenty-two percent of our criminal <span>cases</span>, but simply to point out that plain error is our constant companion, and that it is often employed for issues that, after <span>we</span> are done, are not seen as affecting substantial rights.</span> <span data-paragraph-id="71996" data-sentence-id="72499">In my view, this should not be so because <span>â<span>[r]</span>eviewing <span>courts</span> are not to use the plain-error doctrine to consider <span>trial court</span> errors not meriting appellate review absent timely objection-a practice <span>[the <span>Supreme Court</span> has]</span> criticized as <span>âextravagant protection.â</span> â</span></span>
<span data-paragraph-id="71996" data-sentence-id="72763"><span><span><a href="/vid/892025421" data-vids="892025421" data-reftype="reporter" data-prop-ids="sentence_72499"><i><span>United States v. Young</span>,</i> <span>470 U.S. 1, 16</span>, <span>105 S.Ct. 1038</span>, <span>84 L.Ed.2d 1</span> <span>(<span>1985</span>)</span></a></span> <span>(<span>footnote omitted</span>)</span> <span>(<span>quoting</span>
<span><a href="/vid/892324862" data-vids="892324862" data-reftype="reporter" data-prop-ids="sentence_72499"><i><span>Henderson v. Kibbe</span>,</i> <span>431 U.S. 145, 154 n. 12</span>, <span>97 S.Ct. 1730</span>, <span>52 L.Ed.2d 203</span> <span>(<span>1977</span>)</span></a></span>)</span></span>.</span></p>
<p data-paragraph-id="72950"> <span data-paragraph-id="72950" data-sentence-id="72958">This comment about limitations on the use of the plain error doctrine in
<span><a href="/vid/892025421" data-vids="892025421" data-reftype="citeless" data-prop-ids="sentence_72958"><span><i>Young</i></span></a></span> recently, in part, prompted the <span>Kansas Supreme Court</span> to reverse its course and decline to review certain unpreserved evidentiary errors.</span>
<span data-paragraph-id="72950" data-sentence-id="73175"><span><span><a href="/vid/890067256" data-vids="890067256" data-reftype="reporter" data-prop-ids="embeddedsentence_73241,sentence_72958"><i><span>State v. King</span>,</i> <span>288 Kan. 333, 348-49</span>, <span>204 P.3d 585, 595-96</span> <span>(<span>2009</span>)</span></a></span> <span>(<span><span>âAlthough our past decisions may have relaxed the objection requirement in the evidentiary context, this practice has not only led to confusion as to the standards that should be applied on appeal, but also has de-emphasized the role of <span>counsel</span> at trial and has impaired the gate-keeping function of <span>district courts</span> in this state.â</span></span>)</span></span></span><span data-paragraph-id="72950" data-sentence-id="73573">.</span></p>
<p data-paragraph-id="73574"> <span data-paragraph-id="73574" data-sentence-id="73582">To increase the number of plain errors <span>we</span> already review by adding more arising out of unpreserved sentencing double jeopardy errors also seems to me to be inconsistent with another admonition in
<i><span><a href="/vid/892025421" data-vids="892025421" data-reftype="citeless" data-prop-ids="sentence_73582"><span>Young</span></a></span>.</i></span> <span data-paragraph-id="73574" data-sentence-id="73786">There, <span>the Supreme Court</span> stated that unwarranted expansion of the scope of <span><a data-reftype="rule" data-prop-ids="sentence_73786"><span>Fed.R.Crim.P. 52<span>(b)</span></span></a></span> <span>âskew<span>[s]</span> the Rule's <span>âcareful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly addressed.â</span> â</span></span>
<span data-paragraph-id="73574" data-sentence-id="74096"><span><span><a href="/vid/892025421" data-vids="892025421" data-reftype="reporter" data-prop-ids="sentence_73786"><i><span>Young</span>,</i> <span>470 U.S. at 15</span>, <span>105 S.Ct. 1038</span></a></span> <span>(<span>quoting</span>
<span><a href="/vid/893484287" data-vids="893484287" data-reftype="reporter" data-prop-ids="sentence_73786"><i><span>United States v. Frady</span>,</i> <span>456 U.S. 152, 163</span>, <span>102 S.Ct. 1584</span>, <span>71 L.Ed.2d 816</span> <span>(<span>1982</span>)</span></a></span>)</span></span>.</span></p>
<p data-paragraph-id="74225"> <span data-paragraph-id="74225" data-sentence-id="74233">Obvious injustices based on the Double Jeopardy Clause will not go unaddressed if <span>we</span> decline to review unpreserved errors on direct appeal.</span> <span data-paragraph-id="74225" data-sentence-id="74373">Sentences imposed in violation of <span>the constitution</span> may be reviewed in postconviction proceedings under <span><a data-reftype="rule" data-prop-ids="sentence_74373"><span>Crim. P. 35<span>(c)</span></span></a></span>.</span>
<span data-paragraph-id="74225" data-sentence-id="74492"><span><i><span>See</span> </i>
<span><a href="/vid/892313497" data-vids="892313497" data-reftype="reporter" data-prop-ids="sentence_74373"><i><span>People v. Wenzinger</span>,</i> <span>155 P.3d 415, 418</span> <span>(<span>Colo.App.</span><span>2006</span>)</span></a></span><span>;</span>
<span><a href="/vid/886278478" data-vids="886278478" data-reftype="reporter" data-prop-ids="embeddedsentence_74607,sentence_74373"><i><span>People v. Collier</span>,</i> <span>151 P.3d 668, 672</span> <span>(<span>Colo.App.</span><span>2006</span>)</span></a></span> <span>(<span>claim that sentence violates double jeopardy is cognizable under <span><a data-reftype="rule" data-prop-ids="sentence_74373"><span>Crim. P. 35<span>(c)</span></span></a></span></span>)</span></span>.</span> <span data-paragraph-id="74225" data-sentence-id="74689">By doing so, the initial review will occur in <span>the trial court</span>, where it belongs.</span></p>
<p data-paragraph-id="74769"> <span data-paragraph-id="74769" data-sentence-id="74777">Although <span><a data-reftype="rule" data-prop-ids="sentence_74777"><span>Crim. P. 52<span>(b)</span></span></a></span> is designed to ameliorate injustices visited upon criminal <span>defendants</span> by the application of the contemporaneous objection rule, it was not intended to render all objections superfluous.</span> <span data-paragraph-id="74769" data-sentence-id="74987">Plain error review is admittedly difficult for <span>defendants</span> to satisfy, but it should not and cannot substitute wholesale for <span>the parties</span>' obligation to inform <span>the trial court</span> of errors so that <span>the court</span> can correct those errors before <span>they</span> infect the proceedings.</span> <span data-paragraph-id="74769" data-sentence-id="75250">The main event is supposed to be the trial and the sentencing hearing, not the appeal.</span> <span data-paragraph-id="74769" data-sentence-id="75337">As <span>the Supreme Court</span> noted in
<span><a href="/vid/884760647" data-vids="884760647" data-reftype="reporter" data-prop-ids="sentence_75337"><i><span>Wainwright v. Sykes</span>,</i> <span>433 U.S. 72, 90</span>, <span>97 S.Ct. 2497</span>, <span>53 L.Ed.2d 594</span> <span>(<span>1977</span>)</span></a></span>:</span></p>
<blockquote data-paragraph-id="b_75443">
<span data-sentence-id="75443">The failure of the federal habeas <span>courts</span> generally to require compliance with a contemporaneous-objection rule tends to detract from the perception of the trial of a criminal case in <span>state court</span> as a decisive and portentous event.</span> <span data-sentence-id="75674"><span>A defendant</span> has been accused of a serious crime, and this is the time and place set <span data-page_type="bracketed_cite" data-id="pagenumber_75758" data-rep="P.3d" data-vol="231" data-val="59"></span>
 for him to be tried by a jury of his peers and found either guilty or not guilty by that jury.</span> <span data-sentence-id="75855">To the greatest extent possible all issues which bear on this charge should be determined in this proceeding: the accused is in <span>the court</span>-room, the jury is in the box, the judge is on the bench, and the witnesses, having been subpoenaed and duly sworn, await their turn to testify.</span> <span data-sentence-id="76138">Society's resources have been concentrated at that time and place in order to decide, within the limits of human fallibility, the question of guilt or innocence of one of its citizens.</span> <span data-sentence-id="76323">Any procedural rule which encourages the result that those proceedings be as free of error as possible is thoroughly desirable, and the contemporaneous-objection rule surely falls within this classification.</span>
</blockquote>
<p data-paragraph-id="76530"> <span data-paragraph-id="76530" data-sentence-id="76538">In my view, the decision to review unpreserved allegations of constitutional sentencing errors such as those in <span>this case</span> is contrary to these principles.</span> <span data-paragraph-id="76530" data-sentence-id="76693">Doing so opens a door to plain error review that, at least from my perspective, <span>we</span> do not presently perform.</span> <span data-paragraph-id="76530" data-sentence-id="76802">Once a door like this one is opened, it is impossible to shut.</span> <span data-paragraph-id="76530" data-sentence-id="76865">For the reasons stated above, I would keep this door closed.</span> </p>
</div>
</div>
</div>
<div data-content-heading-label="Footnotes"><div><p data-paragraph-id="76933"> <a href="#note-ref-fr1" id="note-fr1">1.</a> <span data-paragraph-id="76933" data-sentence-id="76942">The crimes listed in <span><a data-reftype="section" data-prop-ids="sentence_76942"><span>section 18-1.3-401<span>(10)</span><span>(b)</span></span></a></span> all include references to <span><a data-reftype="section" data-prop-ids="sentence_76942"><span>section 18-1.3-401<span>(10)</span></span></a></span>-for example under <span><a data-reftype="section" data-prop-ids="sentence_76942"><span>section 18-4-302</span></a></span>, aggravated robbery <span>âis an extraordinary risk crime that is subject to ... <span><a data-reftype="section" data-prop-ids="sentence_76942"><span>section 18-1.3-401<span>(10)</span></span></a></span>â</span>-while <span><span><span><a data-reftype="section" data-prop-ids="sentence_76942"><span>sections 18-3-405</span></a></span> <span>and</span> <span><a data-reftype="section" data-prop-ids="sentence_76942"><span>18-3-405.3</span></a></span></span></span> do not include such language.</span></p></div></div>
</div></div>
 </div>
</div>